40    45
71    233

MISSISSIPPI CENTRAL RAILROAD COMPANY v. SAMUEL MILLER.

1. REASONABLE AND PROPER CARE: EVIDENCE OF THE WANT OF, LIMITED TO THE PARTICULAR TIME OF, AND TO THE AGENTS IN CHARGE AT THE COMMISSION OF THE TRESPASS.—In an action brought against a railroad company to recover damages for the killing of stock by the negligence of the employees of the company, it is not competent to show that the employees of the road, at other times, and on other trains, had exhibited want of reasonable and proper care. The testimony must be confined to the want of reasonable and proper care at the time of the alleged trespass.

2. RAILROAD COMPANIES: LIABILITY OF, FOR INJURIES TO PERSONS AND PROPERTY TRANSPORTED BY THEM ON THEIR CARS.—Railroad companies are bound to the exercise of the utmost care, in the transportation of persons, to whom they have incurred the liability of common carriers.

3. RAILROAD COMPANIES: LIABILITY OF, FOR INJURY TO STOCK ON THEIR TRACK.—Railroad companies, in order to prevent injury to stock, are only bound to the exercise of such reasonable care and prudence in running their cars, as a prudent man, engaged in the same business, would use to prevent such injury.

4. CHARGES TO JURY.—It is improper to give instructions to the jury which announce irreconcilable legal principles.

ERROR to the Circuit Court of Yalobusha county. Hon. Wm. Colhran judge.

The facts contained in the record are fully recited in the opinion of the court.

*Aldridge* and *Golliday*, for plaintiff in error, contended,

1. That the court erred in permitting witnesses Kelly and Adams to testify as to what was the occasional custom of some of the trains of cars belonging to the Mississippi Central Railroad Company in sometimes running their trains without head-lights, and in crossing public roads without whistling or ringing the bell.

That the issue in this case was the want of reasonable and proper care in the management of the train of cars that committed the alleged trespass. That the testimony of Kelly and Adams did not tend to prove the issue submitted to the jury, and was therefore irrelevant.

2. That railroad companies, for damage done to persons and property transported by them as common carriers, are bound to the exercise of the utmost care. The rule is different for injury to stock upon their track; for such injuries they are liable only for the want of reasonable care. 31 Miss. 196; 14 How. U. S. 486; Pierce's American Railroad Law, page 332; 2 Metcalf's Kentucky Rep., 178; 4 Ohio State Rep., 474.

*J. Z. George*, for defendant in error, argued,

1. That the testimony in reference to general negligence of the employees of the road was properly admitted.

That it was the duty of the railroad company to employ competent and trustworthy agents, and their failure to do so makes it liable for any damage occasioned thereby. That the testimony went to the competency and trustworthiness of the employees of the company, and should have been admitted.

That the injury was done at night; there was no eye witness of the transaction, except the agent, whose fidelity was in question. The evidence was entirely circumstantial. Evidence of general negligence was properly admitted as a circumstance in aid of other proof.

Direct proof of the character of the particular agent on the train, which did the damage, admissible. *Vicksburg & Jackson R. R.* v. *Patton*, 31 Miss. 194. But if this testimony was incompetent, its injurious effects were entirely destroyed by the 4th and 5th instructions given in behalf of defendant, and cannot, therefore, be complained of.

2nd. The 5th instruction contains the exact language of this court in 31 Miss. 197. The meaning of " utmost care " is fully explained by the court in other instructions given on behalf of plaintiff and defendant, and there was no possibility of the jury misunderstanding the law.

3rd. The court is referred to *Vicksburg & Jackson R. R.* v. *Patton*, 31 Miss. 194, and authorities there cited, for a full exposition of the law applicable to the case.

ELLETT, J., delivered the opinion of the court.

Miller sued the railroad company in an action of trespass to recover the value of a mule alleged to have been killed by coming in collision with a train of cars. The pleading on both sides is remarkably loose and untechnical, but no question was raised upon it in the court below. The declaration claims damages, "which the plaintiff alleges he has sustained by reason of the killing of a certain mule belonging to the plaintiff, through the negligent misconduct of the agent or agents of the defendant in running their engine and cars over or against said mule, and thereby causing its death." The first plea of the defendant says "that it is true that the locomotive ran against the mule of plaintiff, but without negligent misconduct upon the part of the agent or agents; and that said collision could have been avoided by ordinary care upon the part of plaintiff." The second plea "denies each and every allegation of the plaintiff's complaint."

Without pausing to remark on the unskilfulness of such pleadings, it is apparent that the gist of the action is the alleged negligent misconduct of the defendant's agents, and this negligence or misconduct it was incumbent upon the plaintiff to establish by competent proof. It appears by the bill of exceptions that the fact of the mule having been killed by coming in contact with the train was shown by circumstantial evidence only, no witness on the part of the plaintiff having been present at the occurrence. No proof was offered of any negligence or misconduct, or of any want of reasonable care, on the part of the officers or agents in charge of the particular train; but, to make out this part of the case, the plaintiff's counsel asked the witness, Adams, "if he had frequently on other occasions seen the cars pass the public road near his house without whistling or ringing the bell." The defendants' counsel objected to this question, but the objection was overruled, and an exception reserved. The witness then proceeded to state that he had often known the cars of defendant to pass over the public road near his house without ringing their bell or blowing their whistle, and that they sometimes went down about dusk without head-lights.

Kelly, another witness for plaintiff, was also permitted, after like objection, to testify that he had known trains sometimes to run in the night without head-lights, but did not know as to this particular train.

This evidence was inadmissible.    The question at issue was whether the death of the mule resulted from the want of reasonable and proper care at that particular time, and by the agents in charge of that train.    The affirmative of that proposition would not be established by showing that other agents of the defendant, at other times and places, had been guilty of misconduct, or had violated the law regulating the running of their trains.

Some of the instructions given to the jury, on behalf of the plaintiff, are complained of.    It is only necessary to notice the fifth, which is to the effect that "persons having charge of engines and locomotives on railroads, are bound to manage them with the *utmost* care, and a failure to do so is negligence, in the law, for which the railroad company is responsible, if damage ensue to the property of another from such neglect so to manage their engines."    As applicable to the liability of railroad companies as common carriers, for injuries to persons or property carried upon their roads, this instruction was entirely within the rules of law.    But in reference to the case before the court, its language is too broad.    The true rule on the subject of injuries to third persons, towards whom the railroad company has not incurred the liabilities of a common carrier, was laid down by the judge in the second instruction, given on behalf of the defendants, as follows:    "The railroad company, in order to prevent injury and destruction to stock on their track, are only bound to use such reasonable care and prudence in running, as a prudent man, engaged in the same business, would use to prevent such injury or destruction."    Such is substantially the language of the court in the *Vicksburg and Jackson Railroad Company* v. *Patton*, 31 Miss. 156.    The instruction given for the plaintiff is not reconcilable with that given for the defendant, and the jury were left without any certain rule to guide them.

The jury having found for the plaintiff, the defendant moved for a new trial, on the ground that improper evidence was admitted ; that the court erred in the instructions on behalf of the plaintiff, and that the verdict of the jury was contrary to evidence. A new trial ought to have been granted on all these grounds. The first two have been already discussed. As to the third, even admitting the testimony of Adams and Kelly, there was no proof that the injury complained of was occasioned by any want of proper care and prudence on the part of the employees of the defendant. This is true, even if the jury wholly discredited the testimony of the engineer and conductor of the train, who were examined as witnesses for the defendant, and whose evidence, if believed, wholly negatived any such suggestion, and showed such a. degree of care, prudence, and skill as to exonerate the defendant from liability to damages on account of the accident, which is the subject of the suit.

The judgment of the court below will therefore be reversed, a new trial granted, and the cause remanded for further proceedings.

Judge Handy, being a stockholder in the railroad company, did not sit in this case.