MEMPHIS AND CHARLESTON RAILROAD Co. *v.* C. A. ORR.

1. LIABILITY OF RAILROAD COMPANIES FOR DAMAGE TO ANIMALS.—On the trial of an action for damages against a railroad company for killing a horse by a train on the company's track, the following instructions by the court to the jury are held to be erroneous.

"The railroad company should take proper means, by fences and otherwise, to prevent intrusions upon their track and the destruction of property."

"If the jury believe from the evidence that by the application of all necessary appliances and a sufficient number of brakemen the damage could have been avoided, they will find for the plaintiff."

2. SAME.—Railroad companies in such cases are liable only for a want of reasonable and customary care and skill in the management of their trains. The cases of N. O. J. & G. N. R. R. Co. v. Enochs, not yet reported; M. & C. R. R. Co. v. Blakeney supra, p. 218, and Raiford v. Miss. Cen. R. R. Co., supra, p. 233, cited and approved.

Error to the circuit court of Tishomingo county, BRADFORD, J.

The facts fully appear in the opinion of the court.

*Inge & Beene,* for the plaintiff in error.

The first assignment of error is, that the court permitted C. A. Farris, a witness for plaintiff below, to testify " that about 40 or 50 yards east from where he found the yellow horse, (the value of which, is sued for in this suit), he saw a grey horse, badly mangled, bruised, and killed, and he saw where he had been dragged upon the ground, and was lying on the side of the track, several feet from it." It is difficult

to perceive upon what ground the objection to this testimony was overruled by the court. The killing of the grey horse was not in issue in this suit. The suit was for the killing of one horse ; the plea was not guilty ; the proof shows that the horse killed of plaintiff, was a yellow horse. The plaintiff is permitted to prove that another and a different horse, not the horse of the plaintiff below, was found killed near the track. The rule established upon this point, is that the evidence must correspond with the allegations, and be confined to the point in issue. 1 Greenleaf §§ 50 and 51.

Farris, witness for plaintiff, below, was asked by plaintiff's counsel if he knew how far a horse could be seen on the track at night by the head light, and stated that he had never looked from an engine through the head-light, but had been about the road for some years, and had noticed the trains at night, had noticed the head-light from the side of the track, had never looked through the head-light from the engine, or observed the distance at which an object could be seen. Witness said he thought he could see a horse from the engine in the night, one hundred and fifty or seventy yards.

The general rule upon this point is, a witness can only testify to *facts* within his *own knowledge*—not what he thought or believed. Nor can he give his opinion. The exceptions to this rule are in case of experts on questions of science, skill, or trade, or others of like kind. 1 Greenleaf, § 440.

It is believed that the court erred in overruling the objection of defendant's counsel in the court below, to the question asked said witness, Farris, viz: " What was the shortest distance in which a train could be stopped." This question and the answer to it is objectionable, because the defendant was not bound to stop its train in the *shortest* time a train could be stopped. It was not bound to use extraordinary appliances or means to prevent the accident. It was not bound to use more than the ordinary number of brakes or brakemen. Nor was it bound to reverse, the engine or do any other act which might endanger the safety of its

machinery or passengers, although by using those extraordinary means the accident could have been prevented. Reasonable care and prudence in running its trains is all that is required. Jackson & Vicksburg R. R. Co. v. Patton, 31 Miss. Reports, p. 156; also, Miss. Central R. R. Co. v. Miller, 40 Miss., R., p. 48; Pearce on American Railroad Law, p. 331–32; also, Kerwhacker v. S. C. C. and C. R. R. Co., 3 Ohio State, p. 199; also, C. C. and C. R. R. Co. v. Elliott, 4 Ohio State, p. 474; also, Cranston v. C. H. and D. R. R. Co., 1 Handy (Superior Ct. Cincinnati), 194; Chicago and Miss. R. R. Co. v. Patchin, 16 Ill., p. 198; also, Williams v. Mich. Central R. R. Co., 2 Gibb (Mich.), p. 259; Tonawanda R. R. Co. v. Munger, 5 Denio, 255; 4 Comst., 349.

The instructions given on behalf of plaintiff in the court below, were excepted to by defendants.

The fifth instruction in the following words: " That the railroad company should take proper means by fences or otherwise, to prevent intrusions upon its track, and the destruction of property, " (*vide* Record p. 21), is believed to be erroneous, unless its charter or some statute require a railroad to fence its track, or use some other means to prevent intrusions on the track, no such obligation exists. Vicksburg & Jackson R. R. Co. v. Patton, p. 189. The plaintiff below was not bound to keep his cattle up, nor use any other means to prevent their intrusion upon the track, nor was the defendant below bound to fence its track or use any other means to prevent such intrusion. The owner takes upon himself the risk of losing his cattle without remedy, when they are killed after the use of ordinary skill, care and prudence by the railroad, and the railroad takes upon itself the risk of liability where they are killed by its carelessness. *Vide* the above cited case, p. 191; *vidi* also Pierce on American R. R. Law, p. 321.

The court also erred in overruling plaintiff's motion for a new trial. *Vide* Pierce on American R. R. Law, p. 327; ib., p. 357; *vide* also Mississippi Central Railroad Company v. Miller, 40 Miss. R., 47.

The new trial ought to have been granted, if for no other reason than on account of the improper instructions of the court.  McIntyre et al. v. Kline, 30 Miss. R., p. 368; 41 Miss. R., p. 210; also Young v. Power, and Greenwade v. Mills, 31 Miss. R., 464; Pierce on Am. R. R. Law, p. 321; also the case of the Jackson and Vicksburg R. R. Co. v. Patton, 31 Miss. R., betore cited; Miss. Central R. R. Co. v. Miller, 40 Miss. R., p. 48; Henderson v. Henderson, 41 Miss. R., p. 601.

No brief for defendant in error on file in the cause.

TARBELL, J. :

On the 7th of August, 1867, C. A. Orr brought his action of trespass in the circuit court of the county of Tishomingo, against the Memphis & Charleston Railroad Company for the recovery of the value of a horse killed by the cars of the latter, on or about the 28th of July, 1867.

The defendant pleaded not guilty, and the cause on this issue came on for trial at the September term, 1868, of said court, when the jury found a verdict for plaintiff, assessing the damages at $200.

W. H. McKinney, a witness for plaintiff testified, that on or about the 23d day of July, 1867, he saw a cream-colored horse near the railroad track of the Memphis & Charleston Railroad, crushed and mangled, from which he died;   *   *
*   *   *   *   the horse was worth $200;   *   *
*   *   *   *   examined track, and saw tracks of several horses thereon; for some distance the tracks were off and on the road; nearest to where the horse was found, tracks looked as though the horses had been running; can tell pretty well the speed of horses from indentations of hoofs in the ground; slightly down grade and straight piece of road from the west to where the horse lay; in the day time at that place horses might be seen three or four hundred yards.

C. A. Farris, for plaintiff, testified that on same date, he examined and found horses tracks for some four or five hundred yards from where the horse lay; horses seems to have been feeding, sometimes on, sometimes off the track for one hun-

yards, when they seemed to have trotted about one hun-
dred yards; then they seemed to have increased their speed
until they were in a full run about two hundred fifty or three
hundred yards further to where the horse was found; cream-
colored horse was about four hundred or five hundred yards
from where first saw tracks; forty or fifty yards east of yellow
horse, found a grey horse mangled and killed. Defendant
here objected to the testimony in relation to the grey horse,
and excepted to the rulings of the court allowing it to go to
the jury. Witness had never looked from an engine
through the head-light, but had been about the road a good
many years, and had noticed the trains at night; had noticed
the head-light from the side of the track, and thought a horse
could be seen from the engine one hundred and fifty to one
hundred and seventy yards; had never run an engine, but
had been about the trains a good deal; had seen the trains
stopped in forty yards. To the testimony of this witness as
to the distance a horse could be seen by the head-light, and
.in what distance a train could be stopped, defendant objected
and excepted to the ruling of the court allowing it.

J. T. Hedgepeth, for plaintiff, testified that the horse was
worth $250.

The plaintiff testified that the yellow horse killed was his
property.

The engineer of the road and train, testified for defendant,
that he had been ten years on the road; about 2 o'clock on
the night in question, the cars were running fifteen miles an
hour; he saw a horse on the track thirty-five or forty yards
ahead of the engine; immediately sounded the signal to set
brakes, cut off steam, and blew alarm whistle; did not
reverse the engine, as it might injure machinery; had the
usual number of brakemen; a train can be stopped in about
one hundred and fifty yards when running on level grade at
ordinary speed; an object can be seen by the head-light
about thirty-five or forty yards; don't remember, but suppose
we had five or six cars; train .could be stopped quicker with
a brakeman to each brake and two brakes to each car; a

brake to the tender and a brakeman to it, aids in stopping; two or three brakemen are the usual number for the number of cars we had; usually have a brake to the tender; did not feel the brakes; can sometimes tell when the brakes are put on from the jar; do not know whether they were put on or not; cannot tell how much quicker, with brakemen to all the brakes and all the brakes on, a train could be stopped.

The fireman of the train testified that he saw horses come on the track; they appeared to be crossing the track, about thirty-five or forty yards ahead of engine; no brake on this tender; train running at the speed we were running could be stopped in about one hundred and fifty yards; easier to reduce speed than to stop.

Conductor of train testified that he knew the brake on the car he was on was set; train going at usual speed; cannot be stopped short of one hundred and fifty to two hundred yards.

This is, substantially, all the material testimony in the case.

The following instructions were given for the plaintiff, at his request:

1st. A railroad company is bound by law, to have a sufficient number of faithful and trustworthy employees to manage and control the running of its engines and cars, and if by its failure in any of these respects the injury occurred, the railroad company is responsible.

2d. Negligence may be proved by circumstantial as well as direct testimony.

3d. If the jury believe, from the evidence, that, by the application of all necessary appliances, and a sufficient number of brakemen, the damage could have been avoided, they will find for the plaintiff.

4th. If the jury believe, from the evidence, that there was carelessness or negligence on the part of the engineer, and that the damage resulted therefrom, they will find for the plaintiff.

5th. That the railroad company should take proper means

by fences and otherwise, to prevent intrusions upon its track and the destruction of property.

The following instructions were given for defendant:

1st. That the railroad company, in order to prevent injury to stock on its track is bound to exercise only such care and diligence, as a prudent man engaged in the same business, would use to prevent such injury.

2d. That the jury will find for the defendant, unless it is shown by the testimony that defendant or its agents, at the time the horse was killed, were guilty of negligence or carelessness in running its train.

3d. That it devolves upon the plaintiff to prove that the killing of the horse was the result of the misconduct, carelessness or negligence of the agents of the defendant.

4th. That the defendant was bound to use, in running the train, only ordinary and reasonable care and prudence, to prevent injury to stock upon the track, and was not bound to employ an extraordinary and unusual number of brakemen or other appliances.

5th. That a railroad company is not bound to fence its road to prevent the destruction of stock.

The jury having found for plaintiff, the defendant moved for a new trial on the following grounds:

1st. Because the jury found contrary to law.

2d. Because the jury found contrary to the evidence.

3d. Because of the improper instructions given by the court in behalf of the plaintiff, which motion was overruled.

To the instructions of the court to the jury, for the plaintiff, and to the decision of the court overruling the motion for a new trial, the defendants excepted, and brought this writ of error. The following errors are assigned:

1st. The court erred in permitting the testimony of C. Davis in reference to a grey horse not involved in this suit to go to the jury.

2d. The court erred in permitting Farris to testify as to his opinion that a horse could be seen on the track of the road,

one hundred and fifty or seventy yards from the engine in the night.

3d. The court below erred in permitting said Davis to testify what was the shortest distance in which a train can be stopped.

4th. The court below erred in overruling appellant's motion for a new trial.

We have carefully examined the record, including the evidence, and the proceedings on the trial, as well as the authorities. There is no brief on the part of defendant in error among the papers in the case. The cause appears to have been, in some respects, thoroughly tried, and we regret to discover several errors in the court below, besides the more important mistake of overlooking the true theory of these prosecutions. This action is governed by art., 43, sec. 8, ch. 35, p. 299 of the Code, which is as follows: "Every railroad company shall be liable for all damages which may be sustained by any person, in consequence of the neglect or mismanagement of any of its agents, engineers, or clerks, or for the mismanagement of its engines," and is determinable by the rules laid down in Raiford v. Mississippi Central Railroad Company * and Blakeney v. Memphis and Charleston Railroad Company, † (Opinion Book) wherein it is settled, that to entitle a plaintiff to recover for loss of stock killed by the cars of a railroad company, he must show neglect or mismanagement on the part of the company, its agents, or servants, etc. ·

In the circumstances of the accident in this case as proved. by plaintiff below, we fail to see any evidence of neglect, carelessness, or mismanagement on the part of the defendant or its agents or servants, or evidence from which neglect, carelessness, or mismanagement could be inferred, while on the other hand, the witnesses for the defendant testified positively to the watchful care and prudence of those in charge of the train at the time of the damage.

With reference to the first and second assignments of error,

---

* *Supra.* p. 218.                      † *Supra.* p. 218.

embracing the objections to the testimony of the witness, Farris, so much depends upon the connecting, attending and surrounding circumstances, and through these, upon the judgment and discretion of the court on the trial, and as these are questions of minor importance and influence, we refrain from the expression of an opinion upon them, as wholly unnecessary.

The third assignment is well taken. The question was not in this case as to the shortest distance, unconditionally, by extraordinary appliances, number of employees and exertions, in which a train could be stopped, but in what distance, by the usual number of assistants and proper means, in the exercise of ordinary care, skill and prudence, the train could be stopped, with safety to passengers, cars, machinery and track.

To so much of the fourth assignment as refers to the first instruction given for plaintiff, we observe that the instruction being a correct legal proposition, and as the record must be sent back at all events on other grounds, an expression of opinion upon this, as upon some other points, is withheld, because of no practical value in the case. The other cause alleged in the fourth assignment is a substantial error, the fifth instruction for plaintiff being in conflict with all the authorities. Vide V. & J. R. R. Co. v. Patton, 31 Miss., 190 ; M. & C. R. R. Co. v. Miller, 40 Miss., 48 ; N. O., J. & G. N. R. R. Co. v. Enochs, Opinion Book ; M. & C. R. R. Co. v. Blakeney,* Opinion Book ; 2 Mich. R., 259, and cases therein cited. Having instructed the jury for the plaintiff that railroad companies are bound to prevent intrusions upon their tracks by means of fences, or otherwise, the court instructed the jury for defendant that they are *not* bound to prevent intrusions, etc. These instructions are not only irreconcilable, but that they should have been thus given is unaccountable. The rights of parties ought not to be thus jeopardized or trifled with. 40 Miss., 48 ; 41 Miss., 601.

Tested by the authorities, we make the following summa-

---

* Supra, 218.

ry of this case: 1st. That the third and fifth instructions for the plaintiff below were erroneous; 2d. That the instructions for the defendant, as a whole, were substantially correct; and 3d. That the verdict was not warranted by the testimony.

So long as railroad companies on the one hand, and owners of stock on the other, are not required, the one to fence their roads to prevent intrusions, or the other to restrain their stock, the respective rights of these parties appear to be defined upon principles alike just to both. N. O. J. & G. N. R. R. v. Enochs, Opinion Book; M. & C. R. R. Co. v. Blakeney, Opinion Book; and cases cited.

The judgment of the court below is reversed, and the cause remanded.