MEMPHIS & CHARLESTON RAILROAD COMPANY vs. C. A. ORR.

1. STATUTE OF LIMITATIONS: *Code of 1871, § 2163.*
Under this section a suit that has been brought and abated for any matter of form, or where the plaintiff has recovered a judgment which has been reversed on appeal, one year is allowed within which to bring another suit. That provision which relates to abatement for form applies to technical defects in the form of the action, or pleadings, or proof, or to variances between the one and the other. The provision with reference to cases reversed on appeal.

relates to reversals which operate either as final conclusions of the suit, or which declare principles that render a further prosecution of that suit impossible or unadvisable. A suit dismissed for want of security for costs is not within the provisions of this section.

2. PLEADING: *Demurrer to replication. Judgment thereon: Code of 1871, § 613.* When a demurrer to a replication is sustained there should be judgment final for defendant, and not judgment of *respondeat ouster.* The provisions of § 613 of the Code of 1871 do not extend to a demurrer to a replication.

ERROR to the Circuit Court of *Tishomingo* County.

Hon. B. B. BOONE, Judge.

C. A. Orr sued the Memphis & Charleston Railroad Company in trespass for the value of his horse, killed by defendant's train, to which the railroad company pleaded:

1. Not guilty.

2. Statute of limitations, *non*, etc., *infra tres annos.*

3. Statute of limitations, *non*, etc., *infra sex annos.*

The plaintiff took issue upon 1st plea, demurred to 2d plea (which demurrer was sustained), and replied to 3d plea as follows:

"And the said plaintiff, as to the 3d plea of said defendant, says that an action was duly commenced by said plaintiff against said defendant, for same cause, within the time allowed, and a verdict for the plaintiff; and the same was reversed by the supreme court; and the said cause was afterward dismissed by the circuit court on failure of plaintiff to give security for costs, to wit, on the third Monday of September, 1872, and this cause was brought in one year after the determination of said original suit; and this he is ready to verify," etc.

To this replication the defendant demurred, and the demurrer was overruled.

Jury trial upon the general issue. Verdict and judgment for plaintiff, $331; plaintiff remitted all but $250. Motion for new trial overruled.

The plaintiff's horse was killed by defendant's mail train between two and three o'clock at night; no witness except the engineer; tracks showed that the horse was on the track for

several hundred yards, at first in a walk, and finally in a run; and the further he went the faster he got until overtaken by the train.

The following errors are assigned :

1. The court erred in sustaining plaintiff's demurrer to defendant's 2d plea, setting up the statute of limitations of three years.

2. In overruling defendant's demurrer to plaintiff's replication to the defendant's 3d plea.

3. In giving charges for plaintiff.

4. In refusing to grant a new trial.

*Whitfield & Young*, for plaintiff in error :

This is the second trial of this case. Upon the first trial plaintiff had judgment, which was reversed by this court. See 43 Miss., 279. The testimony does not sustain the verdict.

The court erred in overruling demurrer to the replication. It was intended to be framed on the Code of 1871, § 2163.

The dismissing of a suit for failure to give security for costs is not an abatement or determination " for a matter of form." This case was dismissed by the circuit court. Where there is no *express* exception to a statute of limitations the court cannot create one. Crane *v.* French, 38 Miss., 519 ; George's Dig., Lim. of Act., 476, § 31 ; Butler *v.* Craig, 27 Miss., 629. The Code must be strictly followed. Angell on Lim., § 323 ; Agnew *v.* McElroy, 10 S. & M., 556. See, also, Gwin *v.* McCarroll, 1 ib., 370 ; Rev. Code, §§ 612, 613 ; 27 Miss., 359.

*Harris & George*, on the same side :

Insisted that the demurrer to the replication should have been sustained, and cited Code of 1871, § 2163 ; Ross *v.* Simms, 5 Cushman, 359 ; Code, 1871, § 613.

*Curlee & Stanley*, for defendant in error :

1. This case was reversed here (see 43 Miss., 379), but the proof in this case is somewhat different now, and it is a matter of consideration by this court that two successive juries have found in favor of defendant in error, and that two circuit judges have refused to grant new trials. The question is *not*

*whether the verdict is clearly right, but is it manifestly wrong.* Wahl *v.* Kirkman, 13 S. & M., 599; Prewett *v.* Coopwood, 30 Miss., 369.

Where there have been two mis-trials and then a verdict this court will very reluctantly interfere. Philbrick *v.* Hollaway, 6 How., 91. A second verdict is entitled to great weight, and should stand unless manifestly against law. Stamps *v.* Bush, 7 How., 255.

2. We insist that the replication was good. It is in the language of the statute, § 2163. It is a suit between the same parties. It was brought within one year after the determination of the original suit. See Weatherby *v.* Weatherby, 31 Miss., 662; Ross *v.* Simms, 5 Cushman, 359.

CHALMERS, J., delivered the opinion of the court.

There was a previous suit between these same parties as to the same subject-matter. The judgment recovered by plaintiff in that proceeding in the lower court was reversed here on appeal. M. & C. R. R. Co. *v.* Orr, 43 Miss., 279.

To the present action the railroad company pleaded the six years statute of limitations, to which the plaintiff replied as follows :

"And the said plaintiff, as to the 3d plea of said defendant, says that an action was duly commenced by said plaintiff against said defendant, for same cause, within the time allowed, and a verdict for plaintiff; and the same was reversed by the supreme court of Mississippi; and the said cause was afterwards dismissed by the circuit court on failure of plaintiff to give security for costs, to wit, on third Monday of September, 1872, and this cause was brought in one year after the determination of said original suit; and this he is ready to verify," etc.

To this replication defendant demurred, which demurrer was by the court overruled. Was this action correct? The replication was based on § 2163 of Revised Code, which provides in substance that a plaintiff may have one year within which to bring a new suit when the original one has been

avoided or abated "by any matter of form," or where he has recovered a judgment which has been arrested, or "reversed on appeal."

It is evident that the provision with reference to cases reversed on appeal must relate to reversals which operate either as final conclusions of the suit, or which declare principles that render a further prosecution of that particular action impossible or unavoidable.

If the reversal simply remanded the suit for further proceedings, there would be no occasion for the bringing of a new suit and no necessity for the allowance of further time therefor.

When the judgment obtained in the former litigation between these parties was reversed by this court (43 Miss., *supra*) the cause was remanded for a new trial. Thereafter, as appears from the replication, plaintiff failed to give security for costs when thereto required, in consequence of which the action was dismissed. The reversal, then, by this court had nothing to do with the discontinuance of the former proceeding, and it will be observed that the replication does not aver that the new suit was brought within twelve months of said reversal, but within twelve months of the subsequent dismissal by the circuit court. So much of § 2163, therefore, as relates to cases reversed on appeal or writ of error by this court, has no bearing on the case at bar.

Can a suit which has been dismissed for want of security for costs be said to have been "abated, avoided, or defeated for any matter of form?" We think not. This expression relates to technical defects in the form of action, or pleadings, or proof, or to variances between the one and the other.

It follows that the court below erred in overruling defendant's demurrer to plaintiff's replication, and that the same should have been sustained. It was held in Ross v. Simms, 27 Miss., 359, that where a demurrer is sustained to a replication there should be judgment final, and not of *respondeat ouster*. By § 613 of Revised Code it is provided that where a demurrer is sustained to a plea there should be judgment of *respondeat*

35

*ouster.* It does not extend in terms to a demurrer sustained to a replication, and, although there was a similar provision in Hutchinson's Code, 875, § 66, it was held in Ross *v.* Simms, *supra,* that judgment final for defendant was the proper order where a demurrer to a replication is sustained. This court therefore reverses the judgment below, and, rendering such judgment as the court below should have rendered, sustains the demurrer of defendant to plaintiff's replication, and gives judgment for defendant; that plaintiff takes nothing by his writ, and that defendant recover of plaintiff the costs in both courts. We will add that we held in the original suit, 43 Miss., *supra,* that the proof disclosed no liability upon defendant, and that the testimony in this record is not materially different.