69   435
70   329

A. C. CANTRELL *v.* KANSAS CITY, MEMPHIS & BIRMINGHAM RAILROAD COMPANY.

1. RAILROADS. *Injury to stock on track. Appliances. Reasonable care.*

Railroad companies, in running trains, are not required to provide air-brakes and a large corps of employes, and to exercise the utmost care to prevent injury to animals at large and upon the track; but are held to such reasonable care as a prudent person engaged in the same business would use to prevent injury. *Railroad Co.* v. *Miller,* 40 Miss., 45.

2. SAME. *Extraordinary diligence; when not required.*

In an action against a railroad company for killing by a running train a horse that was at large and upon the track, it is error to instruct that if the engineer, on seeing the animal, failed to ring the bell, blow the whistle, reverse the engine and do every thing in his power, in the ordinary and diligent discharge of his duty, to prevent the injury, the plaintiff should recover.

3. PRACTICE. *Peremptory instruction; when improper.*

In cases of sharp and not immaterial conflicts in the evidence, it is proper to refuse a peremptory instruction.

FROM the circuit court of Monroe county.

By agreement, G. J. LEFTWITCH, ESQ., a member of the bar, presided in the trial of this case.

Action by appellant to recover the value of a mare killed on defendant's track by a running freight-train. The engineer, as a witness for defendant, testified that the train was running down-grade about ten miles an hour; that the night was dark and rainy; that he discovered an object by the track twenty or twenty-five yards in front of the engine, which proved to be a mare, and that she went upon the track and ran forward only about ten feet, and became entangled in a cattle-guard, where she was struck; that as soon as he discovered that it was an animal, he sounded the cattle alarm and whistled down brakes; that it was utterly impossible to

stop the train, and prevent the injury; he had a head-light, but could only see thirty or forty yards ahead; there was a steam-brake on the engine, and three brakemen on the train; he had no air-brakes, though they may be adjusted to freight-trains; with a dozen air-brakes, he could not have stopped in time to prevent the collision. Plaintiff's witnesses testified that the night was not dark; that, in the day-time, the animal could have been seen several hundred yards; that no whistle was blown, though the bell was rung about when the injury occurred, or just after; that tracks were found showing that the mare had run along by the road about one hundred and thirty yards, and between the rails about seventy yards, before being struck.

The court refused a peremptory instruction for defendant. The following instructions were given at the instance of the plaintiff:

"1. The court charges the jury that, under the law, the killing of an animal by a railroad train is *prima facie* evidence of negligence, and it devolves upon the railroad to prove to the satisfaction of the jury that the officers of the company and managers of the train did all in their power reasonably to avert the killing. And if the defendant failed to prove to the satisfaction of the jury that the officers of the company and managers of the train did all in their power, in the ordinary discharge of their duty, to avert the killing, they will find for the plaintiff.

"2. The court charges the jury, that if they believe from the evidence that the engineer failed to ring his bell, blow his whistle, reverse his engine and do every thing in his power, in the ordinary and diligent discharge of his duty, to save the life of the animal, they will find for the plaintiff.

"3. The court charges the jury, that they will find for the plaintiff unless they believe from the evidence that the engineer and those managing the train did, in fact, do all that might and should have been done to stop the train before it struck the mare, and they will assess the damage at what the

evidence shows the mare was reasonably worth at the time of her death."

Verdict and judgment for plaintiff for $155. Motion for new trial overruled; defendant appeals.

*J. W. Buchanan,* for appellant.

The three instructions given for plaintiff are objectionable, and were calculated to mislead the jury. The first is manifestly erroneous, in that it requires the servants of a railroad company, in control of a train, to do all in their power, in the ordinary discharge of duty, to avert injury. The correct rule is that the employes must use ordinary care.

The second instruction is more objectionable still, in requiring that the engineer should ring the bell, blow the whistle, reverse the engine and do every thing in his power, in the ordinary and diligent discharge of his duty, to prevent the injury. This is not the correct rule. There are cases where it may be necessary for the engineer to blow the whistle, put on brakes and reverse his engine, and others in which it would be the duty of the engineer to put on additional steam in order to save his own life and others.

The third instruction is erroneous, because it lays down no rule of diligence, but leaves it to the *jury* to determine what should have been done by the engineer.

*Clifton & Eckford,* for appellee.

The engineer swore that the animal came on the track just in front of the engine. If this had been all the testimony, the defendant would have been within the rule announced in *Railroad Co.* v. *Smith,* 68 Miss., 359. But there was a conflict in the testimony. Three witnesses for plaintiff swore that the animal ran two hundred yards down the track before being killed, and might have been seen several hundred yards before she was struck. The case was properly submitted to the jury, and the verdict is in accordance with the preponderance of the testimony. *Railroad Co.* v. *Toulme,* 59 Miss., 284; *Railroad Co.* v. *Gunn,* 68 *Ib.,* 366.

WOODS, J., delivered the opinion of the court.

The judgment must be reversed, because the instructions—especially two and three—given for the plaintiff below, held the defendant corporation and its servants to a higher degree of accountability than is required by law.

If the first instruction was designed to inform the jury that the use of air-brakes, or the employment of a large corps of brakemen on the freight-train in question, would have averted the killing of the mare, perhaps, and that the failure of the defendant to provide air-brakes or a larger corps of brakemen was a failure to do all in the power of the defendant, in the ordinary discharge of its duty, to avert the killing, then it was clearly erroneous. Its language is not free from ambiguity, and, in view of the evidence offered as to the non-use of air-brakes and of numerous brakemen on the train, the jury may have been misled.

The second instruction declares that it was the duty of the engineer to ring the bell, and blow the whistle, and reverse the engine, and to do every thing in his power, in the ordinary and diligent discharge of his duty, to save the life of the animal. This does not state the correct measure of defendant's accountability in cases where recoveries are sought for injuries done to animals running at large. The rule of diligence for fixing responsibility is said, in *Railroad Co.* v. *Miller*, 40 Miss., 45, to impose upon the railroad the exercise, not of the utmost care, in such cases as we are considering, but only such reasonable care, in running its train, as a prudent man, engaged in the same business, would use to prevent injury to, or destruction of, animals. To ring a bell, or blow a whistle, or reverse an engine, or to do any other particular act, may not be required of the railroad company in every case and under all circumstances. The ringing of the bell, in one case, may afford timely warning, and, in another case, it may be an idle, or even mischievous, employment; and this is equally true when applied to the other acts referred to in the instructions, the failure to do

which by the defendant is supposed, in the instruction, to be negligence.

The court properly refused the peremptory instruction prayed by defendant. There were sharp, and not immaterial, conflicts in the evidence, and the issue was rightfully held by the court as belonging to the domain of a jury's determination.

*Reversed and remanded.*