New Orleans, Jackson, and Great Northern Company v. L. V. Enochs.

———•••———

NEW ORLEANS, JACKSON, AND GREAT NORTHERN COMPANY, v. L. V. ENOCHS

1. CIRCUIT COURT: PRACTICE: DEMURRER TO EVIDENCE. — When the plaintiff's testimony is wholly insufficient to prove the material allegations in his declaration, defendant should demur to the evidence.

2. SAME: VERDICT CONTRARY TO LAW AND EVIDENCE. — When the verdict of the jury is contrary to the instruction of the court announcing the law correctly, or is not properly supported by the proof, the court should set it aside. 40 Miss. 45, Mississippi Central Railroad Co. v. Miller.

3. RAILROAD COMPANIES: ONUS OF PROOF IN ACTION FOR KILLING STOCK. — The question at issue was whether the death of the jack was the result of carelessness or negligence on the part of the plaintiffs in error, and this had to be established before the jury could find a verdict for the defendant in error.

ERROR to the Circuit Court of Hinds county. Hon. John Watts, judge.

The facts of the case are fully stated in the opinion of the court.

*Freeman,* for plaintiffs in error, contended that the proof in the case failed to establish the commission of the trespass by the road; that the jack was found dead near the railroad, and had the appearance of having been drawn along by the cow-catcher; that the evidence was purely circumstantial, and does not exclude the idea or hypothesis, that the jack may have been killed by another. There is no proof that the road was in operation, nor that it was running its cars at the time, or that

New Orleans, Jackson, and Great Northern Company *v.* L. V. Enochs.

any of its agents were at work. The gravamen of this action is the negligence of the defendants, and as none was proven, the verdict should have been the other way — citing *Mississippi Central Railroad* v. *Samuel Miller,* 40 Miss. 45.

*Estelle* for defendant in error.

It has been uniformly held, that the granting or refusing a new trial rested in the sound legal discretion of the court below. *Young* v. *Englehart,* 1 Howard, 19.

It has been held, that courts of appeal will not set aside a verdict on account of preponderance of evidence alone. *Dickson* v. *Parker,* 3 Howard, 219.

*Contended,* that the evidence showed that the animal killed was worth the money; that although, owing to lapse of time, all the circumstances going to prove the trespass could not be shown, sufficient was proven to satisfy the minds of the jury.

This court has held : " It is a well-settled principle, that verdicts will not be disturbed unless it is manifest from the *whole record* that the verdict is *clearly wrong,* or unless misdirection of the court, or other error apparent on the face of the record, may have tended to produce the verdict." *Kelly* v. *Miller,* 39 Miss. 17.

The error of a court in charging a jury is not a ground for a new trial, where it is manifest from the record that the verdict is correct. *Love* v. *Williamson,* 35 Miss. 533 ; *Cameron* v. *Watson,* 40 Miss. 191.

This court has ruled, that when there is no error in the ruling in the court below, or where the verdict does not greatly preponderate against the evidence, or be without evidence, or appear to be manifestly wrong from the record before the court, that they will not disturb the verdict.

SHACKELFORD, C.J., delivered the opinion of the court.

This is an action of trespass against the plaintiff in error, instituted in the First District Court of Hinds county, by defendant in error.

It is alleged in the declaration that the defendant in error

was the owner of a "jack ass," and that the plaintiffs in error, "through their agents and employees, — whose names are unknown to plaintiffs, — and while said agents and employees were engaged in running the cars of said Company on the railroad track of the Company, and engaged in the business and employment of the said defendant, did, on the 10th day of June, 1861, negligently and carelessly, and without necessity, run the engine of the said Company, and cars, against and upon said jackass, and did then and there kill and destroy the same; whereby, and on account of the said trespass, the plaintiff has been damaged in the sum of one thousand dollars."

To this declaration the plaintiff in error filed the plea of not guilty, and upon this issue, there was a jury and verdict for the defendant in error for the sum of five hundred dollars, and judgment thereupon.

A motion was made for a new trial, which was overruled by the court, and the case is brought here to reverse the judgment.

The bill of exceptions embodies the motion for a new trial, and all the evidence in the case.

There are four assignments of error. We shall only consider the first, the disposition of which will determine the case. It is that the court erred in refusing to grant plaintiff in error a new trial.

The substance of the evidence, having any relevancy to the merits of the case, is substantially, that the defendant in error was the owner of a "jack ass" aged about eighteen or twenty months; that he was found dead on the side of the track of the railroad of plaintiff in error, about two miles from Terry depot; that the jack, with a jennet, was lying about seventy yards from the place, where, apparently, the cowcatcher of the engine had caught him; that there were marks on the road where the engine appeared to have caught him. He appeared to have been dead about a day before he was found.

None of the witnesses, as is shown by the declaration, saw the animal killed, nor did they know who killed or what killed him.

Where the dead body was found was one and three quarters of a mile from the residence of defendant in error, at whose place the jack was kept; that where the body was found the road was straight, and a person could see a mile either way.

There were two instructions given to the jury, without objections from either side.

The one for the defendant in error is embraced in the instruction for the plaintiff in error, which as is follows:

"In order to enable the plaintiff to recover on the pleadings in this case, the plaintiff must prove all the essential averments of the declaration, to wit, that the defendants were running their cars on their road at the time and place charged, and that the defendants, by the negligence and carelessness of the road, killed the plaintiff's jack ass; and in the absence of such proofs the jury will find for the defendants."

The only question is, whether the court should have granted the new trial asked by plaintiff in error. We think the court should have done so.

The testimony as to the killing of the jack was entirely circumstantial; no person saw the killing, if any were done. There was no evidence before the jury that the engine of the plaintiff in error caused the death of the jack; the only proof on that point was, that the jack was found dead on the side of the track of the road, some seventy yards from the spot on the road where it "*appeared*" that the cowcatcher struck him.

No proof was offered of any negligence or misconduct, or of any want of reasonable care, on the part of the officers or employees of the road, and in charge of any particular train running at that time, whether it was done in the night or the day.

The jury, it seems, drew an inference from the appearance of the dead body of the animal and the marks on the track of the road, that the death of the jack was caused by the carelessness and negligence of the employees of said Company, and upon that presumption found their verdict for the defendant in error.

We consider the testimony wholly insufficient to support the

verdict; it should have been demurred to by the plaintiff in error at the trial.

The verdict is contrary to the instruction of the court given for the plaintiff in error, which announced the law correctly. *Mississippi Central Railroad Company* v. *Miller*, 40 Miss. p. 45.

The question at issue was, whether the death of the jack was the result of carelessness or negligence on the part of the plaintiff in error, and this had to be established in the language of the instruction before the jury could find a verdict for the defendant in error.

The proof negatived any such facts.

The verdict was manifestly wrong, and contrary to the law and the evidence, and the court should have set it aside for the first ground assigned in the motion for a new trial.

Let the judgment be reversed, the verdict set aside, and a new trial awarded.