## M. & O. RAILROAD CO. *v.* JOHN HUDSON.

1. RAILROADS — LIABILITY FOR INJURY TO STOCK. — If stock intrude upon a railroad track, the company has no claim for damages against the owner; and for the damages done by railroad trains to stock, the liability of the company depends upon whether the injury was caused by negligence or mismanagement. The party claiming damages must prove that due precaution to prevent the injury was not used by the company, or its employees. Injury to animals is not of itself evidence of negligence. It must be established by positive proof.

2. SAME — SAME.— Where the testimony fails to explain the circumstances of the injury or killing, but the plaintiff trusts to the simple fact of the injury or killing from which to deduce the inference of negligence or misconduct of the company or its servants, he comes short of proving his case.

ERROR to the Circuit Court of Colfax County. Hon. J. A. ORR, Judge.

This was an action of trespass on the case, brought by defendant in error, in the circuit court of Colfax county, against the Mobile and Ohio railroad company for $500 damages, for the alleged killing of one horse, the property of the said defendant in error.

The plaintiff, in the court below, introduced his testimony, to which defendant demurred, and the court overruled the demurrer to the testimony, and entered a judgment against the defendants for $220, and costs, from which judgment the case comes to this court on writ of error.

The following is assigned for error:

1. The court erred in overruling the demurrer to the evidence, and in giving judgment for the plaintiff.

2. The court erred in rendering judgment for plaintiff without submitting the case to a jury to assess the plaintiff's damages on a writ of inquiry.

*Barry & Brame,* for plaintiff in error:

The burden of proof is on the plaintiff to show negligence or

misconduct; it will not be presumed. N. O., J. & G. N. R. R. Co. v. Enochs, 42 Miss., 603; M. C. R. R. Co. v. Blakeney, 43 ib., 218; Raiford v. M. C. R. R. Co., 43 ib., 233; M. C. R. R. Co. v. Miller, 40 ib., 45. The killing is not *prima facie* evidence of negligence. Terry v. N. Y. C. R. R. Co., 22 Barb., 574; Herring v. Wil. & Ral. R. R. Co., 10 Iredell, 402; 13 Ill., 548; 17 Ill.; 580; 35 Maine, 422; 4 Rich. R., 329; Pierce on Am. R. R. Law, 357; 1 Hilliard on Torts, §§ 125, 126. The demurrer admits everything the evidence proves and everything it tends to prove. 43 Miss., 233; 1 Johns., 29.

*Thos. E. Bugg*, for defendant in error:

1. It is well settled that a demurrer to evidence admits the truth of all that the evidence proves or tends to prove, and admits the force of such inferences as the jury might reasonably draw from the testimony. Phil. on Ev., 1 vol. (2 Am. Ed.), p. 313; Chewning et al. v. Gatewood, 5 How., 552; M. & O. R. R. Co. v. McArthur, 43 Miss., 180.

2. The second ground of demurrer is, rendering judgment without a writ of inquiry.

This question arose in the case of M. & O. R. R. Co. v. McArthur, 43 Miss., 180. In that case there seemed to be no proof of the extent of injury, and the court held that a writ of inquiry should have been awarded. In this case, there was proof of the value of the horse, and that is admitted by the demurrer.

SIMRALL, J., delivered the opinion of the court:

The killing of an animal of value by a railroad company's engines, is not *ipso facto*, evidence of negligence. 1 Red. R. R., 466.

In this state, from long custom, and its recognition by statutory law, the owner of cattle may allow them to go at large, and is not liable for damage done by them, on uninclosed premises. V. & J. R. R. Co. v. Patten, 31 Miss. Rep., 190. If they intrude upon a railroad tract, the company has no remedy against the owner. And for injuries done by the company's locomotives and trains,

liability to make compensation is dependent on circumstances, as whether the injury was the result of negligence, carelessness or mismanagement. Raiford v. R. R. Co., 43 Miss., 233; R. R. Co. **v.** Blakeney, 43 Miss., 222; R. R. Co. v. Miller, 40 Miss., 47; N. O., J. & G. N. R. R. Co. v. Enochs, 42 Miss., 605. The statute determines the liability to be for such losses as are the result of negligence or mismanagement of the company or its servants.

It rests upon the party complaining of injury to, or destruction of stock, to show, in evidence, that it was superinduced by the carelessness or negligence of the company, or its agents and servants. If the testimony fails to explain the circumstances of the injury, or killing, but the plaintiff trusts to the simple fact of injury, or killing, from which to deduce the inference of negligence or misconduct, he comes short of proving his case.

It remains to consider whether the testimony proves, or fairly conduces to prove, such fault, in the company's servants, in charge of the train.

The horse had been shut up in the plaintiff's stable lot, which was near the railroad. The plaintiff had been in the habit of turning the animal into a pasture on the opposite side of the road. About two hours before daylight saw the horse in the stable lot; the killing by the passing train was about half an hour before daylight, on a dark night. The plaintiff in his testimony states, that he supposes the horse was going to this pasture. " The horse was killed in Mr. Torbitt's field, where there is a small cut in the road, and on the side of the road next the house." At the point where the horse went upon the track, there was a thicket of small plum trees. Witness did not know of any negligence or misconduct of the engineer or other servants of the company, nor was there any proved, except the omission to sound the alarm whistle. The company's servants were under a duty, if they saw the animal exposed to danger, to use all reasonable precautions to prevent injury, such as sounding the alarm whistle, checking up the train. But the legitimate inference is that the horse was

struck as he was crossing the track at the plum thicket, before he was seen by the engineer, and when whistle and break would have been unavailing.

Under the rule established by the statutes and adjudications, that it is incumbent on the plaintiff to show negligence, or misconduct of the company or its servants, we are of the opinion that their default in this respect is not to be inferred from the circumstances in evidence, but rather, that the animal was not seen by the engineer until he emerged from the thicket and came upon the track, and then it was too late to check the train, or frighten the animal from the track.

We think the judgment on the demurrer upon the evidence ought to have been for the defendant, and accordingly award judgment here.