<em>Judgment affirmed.</em>

---

## B. D. WHITNEY *v.* J. REESE COOK.

1. INSTRUCTIONS. *On weight of evidence.*

    Where there is evidence strongly tending to sustain the plea, it is error to charge the jury that the evidence is insufficient. Such an instruction is proper only where all the facts in evidence taken as true, with every just inference from them, fail to maintain the issue.

2. ACCORD AND SATISFACTION. *Promise accepted in extinction of demand.*

    If the promise or agreement itself, and not its performance, is accepted in satisfaction and extinction of the demand, it is good as an accord and satisfaction without performance. But if the parties contemplate

that *performance* of the contract shall be a discharge of the demand, the mere agreement does not constitute an accord and satisfaction, but performance is necessary to complete it.

3. SAME.  *Erroneous instruction.*

All that is required to make an accord and satisfaction of notes, by an interest in a claim, is a distinct contract between the parties that the notes are paid by a right to share in the claim; and an instruction which requires that the contract shall have been executed by an assignment of an interest in the claim made and accepted is erroneous.

4. INSTRUCTIONS.  *Referring law to jury.*

An instruction which refers to the jury the determination of the question whether an assignment of an interest in a claim was of such a character as to enable the assignee to enforce legally his right to a specific and valid interest in said claim, is erroneous.

5. AGREEMENT TO ASSIGN INTEREST IN CLAIM AGAINST THE UNITED STATES. *Act of Congress, 26th February,* 1853.

An agreement to assign an interest in a claim against the United States, entered into prior to the Revised Statutes, is not void, as between the parties to the agreement, by reason of the act of 26th February, 1853, although made without witnesses before the allowance of the claim, the ascertainment of the amount due, or the issuance of a warrant for its payment.

ERROR to the Circuit Court of Warren County.

Hon. GEORGE F. BROWN, Judge.

This was an action by J. Reese Cook against B. D. Whitney on four promissory notes made by Whitney to Cook, aggregating $4,620.35, alleged to be due and unpaid. The defendant, among other pleas, filed one (his second plea) of *accord and satisfaction,* alleging that, after the liability accrued and before suit, on 6th July, 1866, the plaintiff accepted an interest in a claim of the defendant, for two hundred and thirty-one bales of cotton against the United States, in full satisfaction and discharge of the notes.

On the trial before a jury the plaintiff introduced the notes, and rested.

The defendant then introduced S. W. Whitney, his son, who testified that on 27th February, 1869, he met the plaintiff in Vicksburg, and the plaintiff asked him to sell an interest in claims which the defendant had against the United States for about two thousand bales of cotton, the plaintiff stating to the

witness that he (the plaintiff) had acquired this interest in these claims in this way; viz., that he (the plaintiff) had loaned the various sums mentioned in the notes to the defendant, and afterwards, in satisfaction of these notes, had accepted and received an interest in these claims in lieu of said notes, the amount of the notes representing the amount invested in said claims by the plaintiff. In proof of his interest in the claims, the plaintiff in that interview produced an original letter from the defendant to the plaintiff, dated July 6, 1866, and the notes. The witness took the dates and amounts of the notes in the interview, which he produced on the trial, and on comparison they were found to be the notes sued on. The last note was dated Aug. 23, 1866. He also made in the interview the following copy of the letter: —

"VICKSBURG, July 6, 1866.
" J. REESE COOK.

" DEAR SIR, — I leave shortly for Washington and New York, to meet my counsel and friends -prior to putting the claim for cotton in suit. A similar claim to mine has been compromised, and I hope to make a compromise of this, if it is not morally certain I shall recover the whole by suit. Your interest, which amounts to $4,620.35, with premiums of one thousand dollars in gold, will be returned with interest from the first cash realized, and you will share in the profits of the result in proportion to the whole capital invested, with expenses to be incurred.

" Yours,        B. D. WHITNEY."

The plaintiff stated to the witness that he thought his (plaintiff's) share in the claims would equal $20,000, but was willing to sell it for the face of the notes and six per cent per annum interest; and the plaintiff wanted the witness to take the notes as an evidence of the transaction. But the witness declined to do so, taking the memorandum instead. Two other letters were produced by this witness, received by him from the plaintiff in 1869, in each of which he alluded to his claims, urging the witness to sell his interest therein. He had other claims in Whitney's hands. This was all the defendant's evidence.

The plaintiff thereupon introduced the record from the Court of Claims of the suit of *B. D. Whitney* v. *United States,* for the cotton; from which it appeared that said Whitney swore on 13th August, 1868, that no assignment or transfer of

said claim, or any interest therein, had been made, and no step had been taken in the case for many years, and the case was still pending, no allowance having been made of the claim, or the amount fixed, or warrant issued for its payment.

Among other instructions, the following were given for the plaintiff: —

" 3. In order to sustain the defence set up in the second plea of the defendant, it is incumbent upon the defendant to show by the evidence that the contract set up in said plea, as a full discharge and satisfaction of the promissory notes sued on, has been fully executed by the defendant by said defendant assigning to said plaintiff a certain and definite interest in the claim against the United States mentioned in said plea, and that said assignment was, on or about the sixth day of July, 1866, accepted by the plaintiff in full discharge and satisfaction of the obligation created by all of said promissory notes.

" 4. In order to perfect the defence set up in the defendant's second plea, it must appear from the evidence that the assignment by the defendant of the interest in the claim mentioned was of such a character as to enable the plaintiff to enforce legally his right to a specific and valid interest in said claim.

" 5. The letters of the defendant and the plaintiff, and the other evidence introduced on this trial, do not show a valid assignment by the defendant to the plaintiff of a certain and definite property, the right and title to which could be legally enforced by the plaintiff."

All instructions asked by the defendant tending to modify or explain the three foregoing charges were by the court refused.

Verdict for the plaintiff for $7,506, and judgment thereon; and the defendant brought the case to this court.

*Harris & Harris*, for the plaintiff in error.

1. The evidence of S. W. Whitney is conclusive upon the agreement made and understood between the appellant and the appellee, that the notes sued on were satisfied by the interest acquired by the appellee in the claims then held by the appellant against the United States; that the notes sued on were no longer subsisting legal obligations against the appellant *as*

*notes,* but were held by the appellee as an evidence of the amount of capital invested by the appellee in said claims, upon which he was to draw his *pro rata* share of the proceeds of recovery. The court below, in its instructions as given, held that this does not constitute accord and satisfaction.

It appears by Mr. Whitney's testimony, completely and fully, that the new agreement to take this interest in these claims was in lieu of and in satisfaction of the old agreement, viz., the notes; that the accord was complete and the satisfaction perfect. If such testimony as this were offered *under the pleadings*, it ought to have gone to the jury, and it was error to exclude it. 2 Parsons on Contracts, 681–683, and notes. In fact, it comes within all the rulings we have been able to lay our hands upon, and we must content ourselves with a reference to but a few cases. See *Holcomb* v. *Simpson*, 8 Vt. 141.

Now, we find in the evidence offered to the jury the fact, that, by what may be correctly termed a written agreement between the parties, a letter of the appellant addressed to the appellee, and produced to the witness by the appellee, showing the conveyance to the appellee of an interest in these claims, in full satisfaction of these notes, accompanied by the declaration of the appellee that these notes were thus satisfied, that he owned this interest in these claims in lieu of the notes, asking the witness to take these notes, this letter, &c., and sell his interest in these claims, accompanied by other letters to the same effect; and yet the court below excluded all this evidence, on the ground that it did not amount to accord and satisfaction. 2 Parsons on Contracts, 683.

By this evidence, thus excluded from the jury, it appears that the agreement between the appellant and the appellee — the one conveying the interest in the claims, the other accepting the interest in the claims in lieu of the notes sued on — was executed and complete, and accepted as such. And this evidence, already in substance at issue by the pleas, constituted good matter of defence. *Barnes* v. *Loyd*, 1 How. (Miss.) 584; *Guion* v. *Doherty*, 43 Miss. 538; *Heirn* v. *Carron*, 11 S. & M. 361. In *Pulliam* v. *Taylor*, 50 Miss. 251, Chief Justice Simrall determines the same point in effect and in the same

way, that where the new agreement, consideration or contract is taken in satisfaction of the old, and is so intended by the parties, then the accord and satisfaction is complete. It is unnecessary for us to amplify by an elaboration of cases, for we consider the rule to be well established by our own Supreme Court.

The instructions, therefore, asked in behalf of the appellant were proper. They present to the jury the question of fact by them to be determined, under the issue as presented in the pleadings, as to whether or not accord and satisfaction had been accepted and received by the appellee in lieu of the notes sued on.

But the court below not only determined that the evidence offered did not constitute accord and satisfaction, — although allowing it to be set up by the pleadings, — but determined that the jury should not even consider of it, by excluding these instructions from the jury, by giving instructions in favor of the appellee, excluding the defence thus made, thus virtually instructing the jury to find for the plaintiff below. This constitutes a double ground of error; for we find from authorities cited that the defence was not only a good defence against the notes sued on, but would, had the jury found the facts of that defence to be true, warrant a judgment in favor of the appellant. It follows, therefore, that the instructions given in behalf of the appellee were erroneous. For the evidence offered to the jury by the appellant shows a completed, perfected transaction, in which the notes sued on no longer existed *as notes*, but as an evidence of a new and altogether different contract, which latter contract altogether superseded the former.

2. *As between the parties*, the assignment of the claim against the United States was not void. 9 Stat. at Large, 41; 10 Stat. at Large, 170; 1 Ct. of Cl. 12; 1 Ct. of Cl. 85; 3 Ct. of Cl. 64.

*Adam & Speed*, for the defendant in error.

1. The evidence to support the defence consists of a letter from Whitney to Cook, dated 6th July, 1866; two letters from Cook to Whitney's son, and the testimony of said son; and none of it shows or tends to prove that any interest which Cook may have acquired in any claim against the government was

accepted by him *in satisfaction* of the notes. It shows the contrary; and the presumption of law will be, in the absence of any specific agreement between the parties, in favor of its being taken as security, and not in satisfaction or payment. 2 Daniel on Negotiable Instruments, c. 39.

But there is no proof whatever of any assignment, transfer or conveyance of any such interest by Whitney; on the contrary, he himself stated under oath, Aug. 13, 1868, in his affidavit to his petition in the Court of Claims, that " no assignment or transfer of said claim, or any part thereof, or any interest therein, had been made." There is not only no pretence that Whitney ever executed the accord which he sets up, but none even that he ever made a tender of performance on his part. The letter on which the *accord* was based is *dated July* 6, 1866, and *one of the notes* which it satisfied was *dated Aug.* 23, 1866. Neither in the court below nor in this court do Whitney's counsel attempt to explain this patent absurdity.

" The facts, in respect to the arrangement or accord between the parties being ascertained, their effect is purely a question of law, and is not to be submitted to the jury." 2 Greenl. Evid. § 28 *a*. The instructions of the court were strictly proper and appropriate to the issue and the evidence. See *Garnett* v. *Kirkham*, 33 Miss. 405 ; *Young* v. *Power*, 41 Miss. 209.

Without a certain and definite assignment of interest in the cotton claim, Cook received nothing for his notes; and we must suppose that he released Whitney from the obligation to pay his notes without any new consideration. The fifth instruction given by the court for the plaintiff, was, therefore, strictly correct, as the evidence does not show, nor pretend to show, such an assignment, but estops Whitney from suggesting it.

The record discloses the following facts: Whitney, an impecunious cotton speculator, borrows money from Cook, giving his notes for the amounts borrowed. Before the last note is given, he writes a letter to Cook, attempting to make the latter believe that he has " an interest " in a certain cotton claim against the United States, taking particular pains not to state the exact and specific character of such interest. In support of

this spurious cotton claim he has filed no evidence in eight years! Cook, the creditor, having claims of his own in suit against the United States in the hands of Whitney, writes him repeatedly about them. In want of money, he repeatedly duns Whitney for payment of his notes, speaking of them in his letter of March, 1869, as the " notes he holds," and asks about the prospect of success with the claims against the government. Meeting Whitney, the son of his debtor, at Vicksburg, in February, 1869, he suggests that he has an interest in certain cotton claims, gives him a memorandum of the notes of Whitney, the debtor, and asks him to sell his interest in the claim, expressing a willingness to take the amount of the notes with interest. This is actually set up as an accord and satisfaction of the notes of Whitney to Cook. The court ruled correctly that these facts constituted no accord and satisfaction in law.

If there was any technical error in the instructions, the verdict was clearly right and just, and should not be set aside.

2. If by any possibility the court should conclude that the evidence discloses an assignment of an interest in Whitney's cotton claim to Cook, we call attention to § 3477 U. S. Rev. Sts., which declares that " all transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, . . . shall be *absolutely null and void*, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof."

Such pretended assignment therefor, even if it existed, could not be a valid consideration for the pretended accord and satisfaction.

CAMPBELL, J., delivered the opinion of the court.

Cook sued Whitney on promissory notes, and Whitney pleaded that the notes were discharged by an agreement between himself and Cook, that Cook should have an interest to a certain extent in a claim held by Whitney against the United States. On trial of the issue joined upon this plea, evidence was produced by the defendant strongly tending to

sustain the plea; but the court instructed the jury that the evidence was not sufficient to maintain the plea, and virtually told the jury to find for the plaintiff.

Such an instruction is proper only where all the facts in evidence being taken as absolutely true, every just inference from them fail to maintain the issue. In this case it was erroneous to so instruct the jury, because, however strange an arrangement it may have been for Cook to discharge Whitney from the notes for the chance of gaining from a share in his claim against the United States, and however much the retention of the notes by Cook, and other circumstances, may be calculated to create a doubt as to the real nature of the agreement between the contracting parties, the testimony presented such a case as made it proper to let the jury pass upon the disputed facts, without any declaration from the court as to the weight or sufficiency of evidence.

The settled doctrine is that, if the promise or agreement itself, and not its performance, is accepted in satisfaction and extinction of the demand, it is good as an accord and satisfaction, without performance. If Whitney had a claim against the United States, and Cook agreed to accept an interest in this claim in certain stipulated proportion, in satisfaction and discharge of the notes sued on, and Whitney agreed that Cook should have in satisfaction of the notes the stipulated interest in the claim against the United States, there is no rule of law which prevents the notes from being thereby discharged and extinguished as a cause of action against Whitney. Cook had a right to accept an interest in the claim of Whitney against the United States in payment of the notes, and, if he did this, cannot now maintain an action on them. If, however, the contemplation of the parties was that *performance* of the contract for an interest in the claim should be a discharge of the notes, the mere agreement did not constitute an accord and satisfaction, but performance is necessary to complete it. *Heirn* v. *Carron*, 11 S. & M. 361; *Pulliam* v. *Taylor*, 50 Miss. 251; 2 Parsons on Contracts, 681; Comyns's Dig., tit. Accord (B) 4; 1 Smith's Lead. Cases (7th Am. ed.), 595 *et seq.;* 2 Chitty on Contracts (11th Am. ed.), 1122; 2 Story on Contracts, § 1354; 1 Addison on Contracts, § 378; *Babcock* v. *Hawkins,*

23 Vt. 561; *Goodrich* v. *Stanley*, 24 Conn. 613; *Hall* v. *Smith*, 15 Iowa, 584.

It was not necessary that there should have been any formal or written assignment by Whitney to Cook of an interest in the claim. A distinct contract between the parties that the notes were paid by the right to share in the claim is all that was required.

The third instruction for the plaintiff below requires more than this, and is erroneous. The fourth instruction for the plaintiff is wrong, because it refers to the jury the determination of a question of law. The fifth instruction for the plaintiff is wrong, in stating that the evidence was not sufficient to maintain the plea of accord and satisfaction. As stated in the earlier part of this opinion, that question should have been left to the jury.

It is urged for the defendant in error that the transfer by Whitney to Cook was void by virtue of an act of Congress, U. S. Rev. Sts. § 3477. We think not. The transaction occurred prior to the Revised Statutes cited, and the act of 26th February, 1853, 10 U. S. Sts. at Large, 170, entitled "An Act to prevent frauds upon the treasury of the United States," which is embodied in the section of Revised Statutes referred to, did not annul the agreement for an interest in the claim. *Lawrence* v. *United States*, 8 Ct. of Cl. 252.

> *Judgment reversed, and cause remanded for a new trial.*