### LAURA A. CARSON ET AL. *v.* THOMAS P. LEATHERS.

1. INSTRUCTIONS. *As in case of nonsuit. When granted.*

    An instruction to find for the defendant, if the jury believe all the evidence, is proper only where all the facts in evidence being taken as true, every just inference from them fails to maintain the issue, the conflict being resolved most favorably for the plaintiff.

2. COMMON CARRIERS. *Steamboat. Landing passengers.*

    The owner of a steamboat, the custom on which is to notify passengers when their landings are reached, is liable for the negligence of its clerk in directing a lady, who has placed herself in his care, to disembark at night at the wrong landing, and for that of persons to whom the clerk has deputed the performance of this duty.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

*Birchett & Gilland,* for the plaintiffs in error.

The instruction that the jury should find for the defendant, if they believed all the evidence, was erroneous. *Whitney* v. *Cook*, 53 Miss. 551; *Cooley* v. *O'Connor*, 12 Wall. 391; *Drakely* v. *Gregg*, 8 Wall. 242; *Hickman* v. *Jones*, 9 Wall. 197; *Greenleaf* v. *Birth*, 9 Peters, 292; *Railroad Co.* v. *Stout*, 17 Wall. 657; *Railroad Co.* v. *Van Steinburg*, 17 Mich. 99; *Conely* v. *McDonald*, 8 Cent. Law Jour. 229. Whether the evidence tending to maintain the issue is weak or strong, it is the right of the jury to pass upon it. In cases of negligence that rule is peculiarly applicable. *Gaynor* v. *Old Colony Railroad Co.*, 100 Mass. 208; *Ireland* v. *Oswego Plank Road Co.*, 3 Kernan, 526; *Keller* v. *New York Central Railroad Co.*, 24 How. Pr. 172; *Kenworthy* v. *Ironton*, 41 Wis. 647; *Chicago Railway Co.* v. *Scates*, 90 Ill. 586; *Craig* v. *New York Railroad Co.*, 118 Mass. 431; *Carland* v. *Young*, 119 Mass. 150; *Thurber* v. *Harlem Bridge Railroad Co.*, 60 N. Y. 326; *Gower* v. *Chicago Railway Co.*, 45 Wis. 182; Shearman & Redfield on Negligence, § 11, p. 13, and notes 1, 2; Proffatt on Jury Trial, §§ 295–298, and notes. The matter is thoroughly discussed in Cooley on Torts, 666–671. Negligence is always a question for the jury, when the measure of duty is ordinary and reasonable care. *Crissey* v. *Hestonville Railway Co.*, 75 Penn. St. 83; *West Chester Railroad Co.* v. *McElwee*, 67 Penn. St. 311. As to minors and female passengers, carriers by water sustain a relation different from that sustained by land carriers. The master of the ship or steamboat stands *in loco parentis* towards ladies, who are comparatively helpless and liable to imposition. *Thurber* v. *Harlem Bridge Railroad Co.*, 60 N. Y. 326; Redf. on Carriers, § 357; *Chamberlain* v. *Chandler*, 3 Mason, 242; *Smith* v. *Wilson*, 31 How. Pr. 272; Hutch. on Carriers, §§ 631, 632. The usages of polite society demand, and it is the custom on steamboats, and on this particular boat, for the clerk to see ladies off at their proper landings, and Mrs. Carson had a right to rely upon a performance of that custom and duty. Shearman & Redfield on Negligence, § 278. He neglected that duty, and delegated it to O'Kelley, who, thinking the boat had landed at Palmyra, took Mrs. Carson ashore. By the clerk's requesting O'Kelly to perform this duty for him, the defendant, Leathers, became

responsible for the wrongful landing of Mrs. Carson. Shearman & Redfield on Negligence, § 70; Wood's Master and Servant, § 308.

*J. D. Gilland,* on the same side, made an oral argument.

*Pittman, Pittman & Smith,* for the defendant in error.

The evidence wholly fails to make out the plaintiffs' case. It does not tend in any legal view to establish it. The duty of the court was therefore to give the charge complained of. *Perry* v. *Clarke,* 5 How. 495; *Frizell* v. *White,* 27 Miss. 198; *Garnett* v. *Kirkman,* 33 Miss. 389. The rule also prevails in the Federal courts. *Pleasants* v. *Fant,* 22 Wall. 116. It is an important power in this State, and should be used to prevent verdicts dictated by ignorance or prejudice, for after two such " idle ceremonies " the statute prohibits another trial. Code 1871, § 647. In *Wilds* v. *Hudson River Railroad Co.,* 24 N. Y. 433, the Supreme Court of New York repudiate the doctrine that because a case involves negligence it must be submitted to a jury. Cases cited by opposing counsel proceed upon the idea that there was evidence tending to prove negligence, which there is not in the case at bar. It was not the defendant's duty to see Mrs. Carson off. *Southern Railroad Co.* v. *Kendrick,* 40 Miss. 374. As to passengers, the obligation is to carry, not to deliver. Calling out the name of the landing is not an invitation to get out. *Cockle* v. *London & South Eastern Railway Co.,* L. R. 5 C. P. 457; *Bridges* v. *North London Railway Co.,* L. R. 6 Q. B. 377. If the carrier goes beyond the station, the passenger should request him to return. The clerk's custom of escorting ladies off the boat is not a duty which either he or Leathers owes the public or the plaintiffs.

*W. B. Pittman,* on the same side, argued the case orally.

CHALMERS, J., delivered the opinion of the court.

The plaintiffs sued the defendant to recover damages for a breach of duty on his part as a common carrier. At the conclusion of the testimony in the court below, the judge instructed the jury that, if they believed all the evidence in the case, they should find for the defendant, and, thereupon, the jury, as in duty bound, so returned their verdict. " Such an instruction is only proper where all the facts in evidence

being taken as absolutely true, every just inference from them fails to maintain the issue." *Whitney* v. *Cook*, 53 Miss. 551, 559 ; *Swan* v. *Liverpool Ins. Co.*, 52 Miss. 704. If there is any conflict in the evidence, the view which is most favorable to the plaintiff must be taken as absolutely true. The testimony shows this state of facts: Mrs. Carson, with her two little daughters, embarked at Vicksburg on the steamboat Natchez for Palmyra Landing, upon the assurance that she should be landed there. Being without a male escort, she placed herself under the care of the clerk of the boat. She was landed at two o'clock in the morning at Point Pleasant Landing, a mile distant from Palmyra, and was forced to spend the night, with her children, in an open warehouse, almost without fire, and to procure transportation next morning to her proper destination. The night was very dark, and bitterly cold. She was induced to disembark at Point Pleasant by assurances communicated to her by one Hickey and one O'Kelly that she had arrived at her landing, and the boat pushed off before she had time, after discovering her error, to re-embark. Hickey was a personal friend of the officers of the boat, travelling free, and, in return for the favor, assisted the clerk in various ways, and especially in the matter of escorting ladies on and off the boat. He was supposed by Mrs. Carson to be one of the clerks. O'Kelly was a passenger, and an acquaintance of Mrs. Carson's, and the clerk, on retiring for the night, requested him to see her safely on shore when her landing was reached. Both Hickey and O'Kelly supposed when they conducted her ashore that she was disembarking at Palmyra, and this mistake grew out of the fact that the boat had run past that place without stopping, and with the intention on the part of her officers of returning to it after making the landing at Point Pleasant.

Manifestly, under these circumstances, the instruction complained of was improperly given to the jury. It was proved that the custom of the boat was to notify passengers of their arrival at their places of destination, a custom that would seem indispensable at night, and Mrs. Carson had therefore a right to expect such notification. When she received it from Hickey, who, with the knowledge and

consent of the officers, assumed to act for them in such matters, and from O'Kelly, who, at the special instance and request of the clerk, was representing him in so doing, she had a right to act upon it. The defendant in error is bound not only by the acts of his clerk, but by the acts of those to whom, in this matter, the clerk had deputed the performance of the duties intrusted to himself. The case stands precisely as if the clerk had in person misdirected and led Mrs. Carson off the boat. Wood's Master and Servant, § 308 ; Shearman & Redfield on Negligence, § 70. It will be understood that we have, for the purpose of considering the instruction, stated the facts most strongly for the plaintiffs. It will be for the jury to say what the facts really were.

*Judgment reversed and new trial awarded.*