ALEXANDER TYLER *v.* ILLINOIS CENTRAL R. R. Co.

RAILROADS. *Injury to stock. Obstruction of egress. Degree of care.*
　When it is shown in a suit for damages for injury to stock that the railroad company had fenced its track on both sides and had opened a gap on one side for its own convenience, and that through this gap the stock had strayed on the track and were killed while attempting to escape through the gap, there being no other means of egress, the jury should be allowed to say whether that degree of care which these circumstances called for had been exercised by those in charge of the train. *Packwood* v. *Railroad Co.*, 59 Miss. 280, distinguished.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

The appellant sued the appellee to recover damages for a cow killed by a train of the appellee. On the trial it was shown that at the point where the cow was killed the railroad track had been fenced by the appellee for some distance on both sides. And that some time prior to the killing the appellee for its own purposes had opened a gap in the fence on one side of the track, through which

gap the cow had strayed on to appellee's right of way and crossed over the track to the side on which there was no opening in the fence, and becoming alarmed by the approaching train was killed while attempting to recross the track in order to escape at the gap through which she had entered. It was shown that everything was done which could be by those in charge of the train to prevent the killing after the cow had gotten on the track, but the point at which the cow ran on the track was so near the approaching train that the collision was then inevitable. The engineer knew of the condition of the fence at the point where the cow was struck, and had seen the cow grazing by the side of the track for some distance before he reached her, but did not attempt to check his train until he saw the cow run on the track.

The court instructed the jury to find for the defendant, railroad company, and this action of the court is assigned for error.

*H. R. Ware,* for the appellant.

Was it not a question of fact for the jury to determine whether the engineer should continue to run his train at the rate of fifteen miles per hour when he was going, as he states, down grade and saw the cow in immediate proximity to the railroad track inclosed by a wire fence, which, as admitted, had been broken by the railroad company for their own convenience, operating as a snare to endanger neighboring stock. While it may be true that the train could not be stopped within one hundred yards' distance, it is yet manifest that it could have been so checked if the signal had been promptly given, and the cow, being the last to cross the track, would have been saved had there been the least checking of the train. This principle is clearly enunciated in 59 Miss. 284, case of *N. O. M. and Texas Railroad Co.* v. *J. V. Toulme,* and the liability of a railroad in such cases declared. It is not a question which is brought before this court as to whether they would reverse a verdict if found, but whether the facts which appeared in evidence should not have been left for the consideration of the jury, and whether or not it was error in the court below to have arbitrarily excluded such evidence from their consideration, and as is evidenced from their forced verdict

compelled them to bring in a decision against their convictions as to the law and evidence.

The court and the counsel below relied upon the case of the *C., St. L. and N. O. Railroad Co.* v. *S. E. Packwood*, a decision to sustain the ruling of the court below in the case at bar. This decision will be found in 59 Miss. 280, and a glance at it will show that there is no fact or circumstance connected with it tending to authorize the ruling of the court in this case. The ruling of the court in that case was unmistakably right.

It would not be contended that this wire fence inclosing the railroad was put up at Tyler's instance and request, or as a favor to him or those in that vicinity; it was done wholly for the railroad company, a fact clearly established and not contradicted. Certainly there was no obligation resting upon them to fence in their road, but if they undertook to do so it is equally certain that they had no right for their own convenience to break and leave open a gap in said fence, thereby endangering stock which should be caught in this dangerous trap.

*W. P. & J. B. Harris*, for the appellee.

An inspection of the record will show that this case comes clearly within the rule announced in the case of *Packwood* v. *Railroad Co.*, 59 Miss. 280. There is not a shade of conflict in the case at bar in the testimony. The witness for the plaintiff fully corroborates the defendant's witness. The witnesses for the railroad show that every duty imposed on them by the law was fully and completely discharged. The testimony shows that the train was fully and completely equipped as such trains are usually equipped. The cow was killed in attempting to cross the track in front of the engine. She happened to be the hindermost one of several cows (of course, by far the most valuable). All of the witnesses who saw the killing say the engineer gave signals, etc., as soon as the cows started across the track. The cows were not on the track, nor was there anything to indicate that they would get on the track when the engineer first saw them. His engine was already shut off, his brakemen were at their posts, and as soon as he saw danger he gave the signals and tried to stop his train, but the time was so limited that he was un-

able to prevent the collision. It does not appear that the condition of the fence was the cause of the killing. The cow would not have been killed if she had not attempted to cross the track. If there had been no fence at all the same accident could have occurred. The fence was torn down on one side, and had been so for a long time to the plaintiff's knowledge. There were no obligations resting on the company to maintain a fence. Certainly no obligation to the plaintiff, and the plaintiff's cow was trespassing.

CHALMERS, J., delivered the opinion of the court.

The railroad company erected a fence on either side of its track for several miles in the neighborhood of Jackson. For its own convenience it then opened a gap in its fence for the benefit of its employees, and this was well known to all its engineers and conductors, who, nevertheless, continued to use it as before. The cow of appellant was attracted upon the roadbed by this opening in the fence, and while attempting to get back to the opening was run over and killed by the engine and cars of the appellees. Appellees having proved by the engineer and brakemen the observance of every care and caution practiced by it with regard to cattle generally, sought and obtained from the circuit court an instruction directing the jury to find against the owner of the cow, which was accordingly done. The charge, of course, was based on *Packwood* v. *Railroad Co.*, 59 Miss. 280, in which it was held that when the railroad company has successfully met every presumption of law by proof of the actual occurrences at the time of killing, it was the duty of the jury to find for the defendant. The authority was not applicable in this case. It only applies where the appellant, accepting the responsibility of the law, shows by proof that it has met every requirement which the facts of the case devolved upon it. We cannot say that this was done in the present case. It would seem that the responsibility must be different when the railroad company itself has, by the construction and subsequent opening of its fence, invited the animal into its inclosure and then killed it while attempting to escape. We prefer in all such cases that the jury be allowed to say whether there was or was not negligence in its dealing with

the animal, and should they decide that it owed some other and further duty to an animal so confined than to one which had a right of egress unobstructed by any act of the railroad company, we could not say as a matter of law that its decision was wrong.

*For the error in granting the instructions mentioned, we reverse the judgment and grant a new trial.*