## MOBILE AND OHIO RAILROAD COMPANY *v.* S. L. HOLT.

1. RAILROAD COMPANY. *Action against for killing cow. Presumption of negligence. Proof of facts.*

   Where, in an action to recover the value of a cow killed by a railroad company, the plaintiff proves the facts attending the killing of the animal, and they show that the defendant was not guilty of any negligence in respect thereto, there can be no imputation of negligence under § 1059 of the Code of 1880, which makes proof of the injury complained of in such cases *primâ facie* evidence of negligence on the part of the defendant; but if the evidence adduced by the defendant show facts from which such negligence may be inferred, then the jury, if they so believe, may find that the defendant was guilty of negligence in the matter complained of. *Chicago, St. Louis and New Orleans Railroad Company* v. *Packwood,* 59 Miss. 280, distinguished.

2. SAME. *Negligence in killing cow. Province of jury. Case in judgment.*

   Where the defendant's evidence in such case shows that the cow, driven from defendant's track by the whistle of its locomotive, was obstructed by a fence eighteen feet from the track and running parallel with it, and that she, after running along the fence for some distance, attempted to cross the road, and was thus caught by defendant's train, it is for the jury to determine whether the defendant, whose train was permitted to run at full speed after frightening the cow from the track, was guilty of negligence in not anticipating her effort to cross the road and providing against striking her.

APPEAL from the Circuit Court of Noxubee County.

HON. J. M. ARNOLD, Judge.

The case is sufficiently stated in the opinion of the court.

*H. H. Parker,* for the appellant.

The judgment in this case should be reversed, because the verdict is unwarranted in view of the evidence.

It is true, as a general proposition, that a jury is the best judge of the value of testimony submitted *viva voce* before it; but it is a

notorious fact, to which the courts cannot shut their eyes, that in controversies of this character the sympathies of juries are almost invariably with the plaintiffs, and that injustice is thus frequently done.    It would seem, therefore, that less weight than usual should be attached in this court to the conclusions of juries in such cases.

If we attach the fullest faith and credit to the testimony of the witnesses for the appellee in this case, at the same time making every allowance for the bias of the witnesses for the railroad company, it must be apparent that the railroad company and its employees are free from blame, and that the court below would have been justified in instructing the jury to find for the defendant under the ruling of this court in the case of *R. R. Co.* v. *Packwood,* 59 Miss. 280.

The circumstances in the case at bar are very similar to those in *Tyler* v. *Illinois Central R. R. Co.*, 61 Miss. 445, the most noticeable difference being that in *this* case no responsibility rests upon the railroad company for the existence of the fence, there being nothing in the evidence to show by whom or for what purpose it was constructed.

In *R. R. Co.* v. *Packwood,* 59 Miss. 280, the court says : " In the present case the defendant, by its engineer and fireman, showed the actual facts attending the killing, which it was admitted had been done by the defendant's locomotive, and rebutted, as we think, the presumption of negligence by affirmatively proving the exercise of all necessary care and caution on its part.    *The accident,* according to the testimony of these witnesses, *was unavoidable.*    The jury, notwithstanding, found a verdict for the plaintiff.    There was nothing improbable in the story told by the witnesses for the defendant, *nor was there anything at all inconsistent with it in any fact proved in the case on either side.    There is nothing in the record to suggest that the witnesses were unworthy of credit, or that the jury in fact disbelieved them.*"

*H. H. Parker* also made an oral argument.

*L. Brame*, on the same side, argued the case orally.

*Rives & Rives*, for the appellee.

The weight of the evidence manifestly sustained the verdict.

The defendant's own witness, the fireman, swore that the engineer had blown "off brakes," and that he had taken his seat after that, while the cow was still on the east of the road, and that it was on her attempt to cross from the east to the west side of the road that she was killed.

Now, there was no dispute as to the proposition that on the east side of the road and within eighteen or nineteen feet of the track there was a wire fence extending for several hundred yards up and down the road, which it was impossible for a cow to pass.

There is not a cow in Christendom that would voluntarily stand within eighteen or nineteen feet of a railroad while a locomotive with eighteen or twenty cars rushed by. If she could not get further off on one side she would try the other.

Under the best possible view of the evidence for the road, the case would stand thus: A lot of cows are discovered on the road track; the cattle alarm and "on brakes" are sounded, and brakes are applied. The cattle get off, most of them on the west side, some, including the cow in question, on the east side; those on the east side find an impassable barrier within six yards of the track, and they turn to follow the herd on the west side, but "off brakes" has been sounded, the train is rushing on, and kills the last one while she is endeavoring to escape to the west side.

The plaintiff's witnesses show up the case against the road much stronger than the above view.

This court will not disturb the verdict of the jury where it is supported by any just view of the testimony.

CHALMERS, J., delivered the opinion of the court.

This was the usual controversy between the incorporators of a railroad company and the owner of a cow, followed, we may add, by the usual result of a verdict against the railroad.

This verdict the railroad company asks us to reverse upon the ground laid down in *Packwood's Case*, 59 Miss. 280, that by its testimony it has entirely rebutted all imputations of negligence and thus established its right to a reversal. In the case referred to, the facts were wholly unknown to the plaintiff, and we held that where

the statutory imputation of negligence was thoroughly rebutted by proof of the facts attending the killing and there was nothing to suggest falsity in the statement, a verdict must follow for the defendant on the well-known ground that there had been a confession of the statutory imputation of negligence and a complete avoidance by the facts.

Here, on the contrary, the facts were patent to all and were completely proved by both sides. Conceding the truth of all the proof made by the plaintiff, no imputation of negligence was cast upon the railroad; but, turning to the facts as proved by the railroad, a case was established from which the jury were authorized to infer negligence if they so believed. It is shown that a number of cattle grazing upon the track were suddenly dispersed and scattered by the seasonable sounding of a whistle. When dispersed, the cattle scattered in different directions, all save one going to the western and unobstructed side. The cow in dispute alone went to the eastern side, where, at a distance of eighteen feet, a wire fence presented an impassable barrier. She ran down the side of the track a considerable distance, but finally turned across it and was killed while attempting to get to the other side. The train took off its brakes, and thereafter pursued its course unobstructed without checking its speed, as soon as the cattle had left the track. Should it, under the circumstances, have foreseen that the natural instincts of the terrified brute would necessarily impel it to seek the other and unobstructed side where all its companions were, and was its whole duty done when it ran on without reference to the cow thus closely pursued? We cannot say that the law makes any rule on the subject. It was peculiarly a question of common sense and common experience, and as such we are content to leave it to the jury, who seem to have been correctly instructed. The jury have answered the question in favor of the plaintiff and we cannot interfere.

*Affirmed.*