## N. O. & N. E. R. Co. v. W. E. JONES.

**Railroad — Liability for Killing Stock — Peremptory Instruction.**

  In a suit against a Railroad Company for killing a horse if the testimony does not show that the horse was struck and injured by some locomotive or train of the defendant, nor that it had been in a position in which it could have been struck, a peremptory instruction should be given for the defendant.

Suit by W. E. Jones against the New Orleans & Northeastern Railroad Co. to recover damages for killing a horse. From a verdict and judgment for plaintiff defendant appeals. Reversed.

On the trial plaintiff testified that he found his horse on his back in a ditch, dead, one morning, about one hundred and twenty-five yards from the railroad; that he tracked him back to a sawdust pile which was about thirty yards from the railroad track which was the nearest point to the railroad, where he found tracks; that the horse had his hind leg broken; that it had rained a little the night before and he examined the railroad track and right of way, but could not see any signs where a horse or animal of any kind had been on it the night before. John Bertrand testified for plaintiff that he saw the horse, and it was about one hundred and twenty yards from the railroad, and he tracked him back toward the railroad to the sawdust pile about thirty yards from the railroad track; that he examined the railroad track carefully and could see no

The burden of proof in such cases is on the plaintiff to show negligence. Miss. Cent. R. Co. v. Miller, 40 Miss. 45; N. O., J. & G. N. R. Co. v. Enochs, 42 Miss. 603; Memphis & C. R. Co. v. Blakeney, 43 Miss. 218; Raiford v. Miss. Cent. R. Co., 43 Miss. 233; Memphis & Charleston R. Co. v. Orr, 43 Miss. 279.

In the absence of eye-witnesses, marks of an animal on the track and the position of its remains may make satisfactory proof that it was killed by the running of the train, which, under the statute, is *prima facie* evidence of negligence on the part of the company. Railroad Co. v. Packwood, 59 Miss. 280.

Section 1059, Code of 1880, and section 1808, Code of 1892, making proof of injury inflicted by the running of locomotives or cars *prima facie* evidence of negligence on the part of the company, do not help the case if the plaintiff's own evidence shows that the defendant was not guilty of negligence. Mobile R. Co. v. Holt, 62 Miss. 170.

Section 1059, Code of 1880, has no application to a case where a horse, being off the track, left a safe path through fright and falls or jumps into

sign of any horse or cow on the track the night before, and there had been a light rain the night before; that he could not say that the horse was killed by defendant's locomotive or train.

When plaintiff rested defendant asked the court to instruct the jury to find for defendant; this instruction was refused.

Defendant's motion for a new trial was overruled and it appealed.

APPEALED from Circuit Court, Perry county, S. H. TERRAL, Judge.

Reversed and remanded, May 24, 1886.

*Attorneys for appellant, Fewell, Watkins & Brahan.*

*Attorney for appellee, R. Seal.*

Brief of Fewell, Watkins & Brahan.

\* \* \* It was simply impossible for the horse ever to have been struck by an engine and knocked across the dirt road. As shown by some of the witnesses, it would have broken every bone in the body of the horse and killed him on the spot. Plaintiff's witnesses say that they cannot testify that defendant's engine ever struck the horse. The only reasonable theory is that the damage was done when the horse leaped over the logs and over the stumps as described. Surely a Railroad Company cannot be held for such acci-

a ditch. The injury is not inflicted by the running of the cars. Lowe *v.* A. & V. R. Co., 81 Miss. 9, 32 So. 907.

A peremptory instruction is proper only where all the facts in evidence taken as true, with every just inference from them, fail to maintain the issue. Whitney *v.* Cook, 53 Miss. 551; Railroad Co. *v.* Boehms, 70 Miss. 11, 12 So. 23.

And if there is any conflict in the evidence, the view which is most favorable to the party against whom the instruction is asked must be taken as true. Carson *v.* Leathers, 57 Miss. 650.

Where there is a material conflict in the evidence, a peremptory instruction should not be given. Richardson *v.* Tolliver, 71 Miss. 966, 16 So. 213; Thrasher *v.* Gillespie, 52 Miss. 840; Cantrell *v.* Railroad Co., 69 Miss. 435, 10 So. 580; Timberlake *v.* Compress Co., 72 Miss. 323; 16 So. 530.

Peremptory instruction to find a certain way is improper unless the court, on the evidence, would set aside a contrary verdict. Bernheim *v.* Dibrell, 66 Miss. 199, 5 So. 693; Holmes *v.* Simon, 71 Miss. 246, 15 So. 70; Railroad Co. *v.* Doyle, 60 Miss. 977.

dents as this.    Strange as it may seem, the juries of the country
would so hold them if they could.

1. Under the evidence in this case, we think the court erred in
giving plaintiff any instructions.    We regret that the clerk was
unable after the trial to find the instructions, but assume it as a
settled proposition of law that no court is authorized to instruct
a jury for plaintiff or defendant upon any legal proposition when
by the evidence the party has totally failed to show his right to
legal redress.    Such is surely the case in this suit.    What portion
of the evidence proves or tends to prove plaintiff's case?

2. Under the evidence in this case, we contend that the court
should have given a peremptory instruction to find for the defend-
ant.    Take plaintiff's testimony.    He says he tracked the horse
from the sawdust pile over a sharp stump to where he found him;
saw hair and blood on the stump.    Examined the dump and track
of railroad and saw no signs of where any animal had been on it.
He draws a diagram.    The wound was as large as a thumb.    What
part of the pilot, we would ask, could have struck this horse's leg
as high up as this wound, and no where else?    The very diagram
offered by plaintiff is most conclusive against him in his case.    It
is simply impossible to have struck the horse at this place and do
the damage done, hence the court ought to have given the
peremptory instruction.    In an action against a Railroad Company,
alleging the negligent killing or injuring of stock, before a pre-
sumption of negligence on the part of the company could arise,
proof that the company or its agents caused the injury must be
clear and unmistakable.    Such is not the case in this suit, and
such not being the case, the court ought to have given defendant's
peremptory instruction.    This is a much stronger case than the
case of the Kentucky Central R. Co. v. Talbot, 78 Ky. Rep.
621.    In that case, the court said the evidence conduced to show
that the bull was killed by one of the train of cars operated by the
railroad company, but in this case there is no evidence to show or
tending to show that plaintiff's horse was struck at all by de-
fendant's cars.    And proof of the killing must be satisfactory be-
fore any presumption of negligence can be indulged.

3. The court should have set aside the verdict in this case and
granted a new trial.    There is no sort of proof even tending to
prove the injury to have been done by the cars of the Railroad
Company.    Unless the killing is proven by clear and satisfactory

proof, negligence cannot be presumed.   In this case, there is no such proof.   See Brown v. Congress, etc., R. Co., 8 Am. & Eng. R. Cas. 383.

Where there is no evidence of negligence and no evidence from which negligence could be presumed, then the case should not even go to the jury.   Philadelphia R. Co. v. Schertle, 12 Am. & Eng. R. Cas. 158.

We submit that the court below ought to have set aside the verdict of the jury and granted defendant a new trial.

Brief of R. Seal:

The only question before the court is, did appellant's employees kill the horse of Dr. Jones, etc.   All the facts and circumstances of the killing of the horse were submitted to a jury; being judges of the weight of the evidence before them, they reached the conclusion, from all the facts before them, that the horse was killed by the agents and employees of appellant.

This settled the liability of the damages upon appellant.   No question is raised as to the value of the animal killed.

We contend that the verdict was fully sustained by the evidence and the Circuit Court ruled right in refusing to grant a new trial. On this point we refer to the case of the New Orleans, Mobile & Texas R. v. Toulme, 59 Miss. 284, and believe the decision of the court below will be affirmed.

Opinion.— Per Curiam.

The verdict was manifestly wrong.   The testimony does not show that the horse was struck and injured by any locomotive or train of appellant, or that he was, or had been, in a position in which he could have been so struck or injured.   Shortly after the horse was injured, examination was made, under favorable conditions, to ascertain if there were any tracks of the horse on or about the railroad bed, or signs of his having been struck or thrown from the railroad track, and the witnesses all concur in the statement that no such tracks or signs could be found.

If, as some of the witnesses testified, there were signs of the horse having been on the sawdust pile thirty or thirty-five feet from the track, this alone did not warrant the verdict.

The judgment is reversed, and a new trial awarded.