ALABAMA & VICKSBURG RAILWAY COMPANY *v.* PINKEY MOORE.

RAILROADS. *Live stock on or near track. Fright. Cul de sac. Bicycle.*

Where a horse becomes frightened by a railroad bicycle and ran along the side of the track for a considerable distance, there being obstructions on either side which prevented its escape, and ran upon the track and into a trestle, from which it fell, suffering fatal injuries, a peremptory instructing for the railroad company was properly refused, it being shown that the railroad employe who propelled the bicycle saw the horse, comprehended its peril, and did not check the speed of the bicycle.

FROM the circuit court of Scott County.

HON. JOHN R. ENOCHS, Judge.

Mrs. Moore, appellee, was plaintiff in the court below; the railway company was defendant there. From a judgment in

plaintiff's favor, the defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*R. P. Thompson* and *McWillie & Thompson,* for appellant.

The court will remember that the burden of proof in this case was upon the appellee to show that Moncure did not act with reasonable care and caution, and not upon the appellant to show his diligence. While it is true that § 1808, code 1892, makes the death of an animal caused by the running of the locomotive or cars of a railway company *prima facie* evidence of want of reasonable care, yet the court will readily see that this section has no application in this case, because this accident was not caused by the running of a locomotive or car. *Illinois, etc., R. R. Co.* v. *Weathersby,* 63 Miss., 581.

The appellee failed to show negligence on the part of the appellant. On the other hand, the appellant showed by its witness that due care was exercised.

It has been decided by this court that an engineer was not required to stop his engine merely because he saw an animal near the track, unless there was something to indicate that the animal would go upon the track. In this case there was nothing to indicate that the horse would go upon the track. If stopping is not required of an engineer of a heavy locomotive, surely it is not required of the operator of a light bicycle, which of itself could not kill the animal. *Mississippi, etc., R. R. Co.* v. *Miller,* 40 Miss., 45; *Natchez, etc., R. R. Co.* v. *McNeil,* 61 Miss., 434; *Kansas City, etc., R. R. Co.* v. *Cantrell,* 69 Miss., 435.

Moncure was shown, in our opinion, to have acted as would any reasonable man placed in similar circumstances.

*Kirkland & Bullard* and *O. R. Singleton,* for appellee.

The only question in this case is one of negligence, and this question was fairly submitted to the jury under the instructions of the court more favorable to the appellant than, perhaps, it was entitled to. *Alabama, etc., Ry. Co.* v. *Hall,* 32 So. Rep.,

259.   If this be true, this court will not disturb the verdict. *Mobile, etc., R. R. Co.* v. *Gunn,* 68 Miss., 366.

Moncure saw the horse 325 yards from the trestle; he was running rapidly, for he gained 210 yards on the horse before the animal reached the trestle; he was familiar with the obstructions on each side of the track near the trestle, yet he concluded that the horse might, could, or would, pass out at an opening.   It seems that under the circumstances and surroundings that Moncure should have used reasonable care to prevent the horse from running into the trestle.

Moncure should have stopped his bicycle, and his failure to do so, under the circumstances, renders the railway liable. *Newman* v. *Vicksburg, etc., R. R. Co.,* 64 Miss., 115; *Tyler* v. *Illinois, etc., R. R. Co.,* 61 Miss., 445; *Mobile, etc., R. R. Co.* v. *Holt,* 62 Miss., 170; *New Orleans, etc., R. R. Co.* v. *Thornton,* 65 Miss., 256; *Mobile, etc., R. R. Co.* v. *Gunn,* 68 Miss., 366.

TERRAL, J., delivered the opinion of the court.

The chief contention of appellant is that it should have had a peremptory instruction upon the trial in the circuit court. The horse of appellee was killed by running into a trestle on the Alabama & Vicksburg Railway track at a point just west of Fairchild's sawmill.   The road in the vicinity of the mill is fenced east and west.   The mill is situated on the north side of the track; and along that side of the track from where the horse was found and pursued to the trestle, where it was killed, there was much lumber piled.   The record recites that the north side of the track "was filled with lumber;" and on the south side of the track there was a big ditch, in which there was water.   The appellant's inspector of cross-ties was traveling upon his railway bicycle along the track in pursuit of his duty, and at the sawmill and between 150 and 300 feet east of the trestle, encountered the appellee's horse grazing upon the south side of the track; and the horse, apparently much frightened by the bicycle, ran down the track on the outside of the rails toward the trestle,

closely pursued by the bicycle, and ran upon the trestle and fell therefrom, and received the injuries of which it died.

The leading question in the case is whether the appellant's tie inspector, under the circumstances in evidence, acted with reasonable prudence in pursuing the frightened horse to his death, and the subsidiary one, whether the question is resolvable as a matter of law or whether it should have been left to the jury, as it was by the learned circuit judge. With one side of the railroad track filled with lumber, and egress on the other side obstructed by a ditch in which was water, it was, we think, a question for the decision of the jury whether Moncure should have stopped his bicycle in order that the horse might have had an opportunity to escape from its dangerous environment. The question as to the reasonable care and prudence on the part of Moncure was one for the jury, and we see no reason to doubt the propriety of its finding. *Tyler* v. *Illinois, etc., R. R. Co.,* 61 Miss., 445; *Newman* v. *Vicksburg, etc., R. R. Co.,* 64 Miss., 115; *Mobile, etc., R. R. Co.* v. *Holt,* 62 Miss., 170.

*Affirmed.*