### George Young vs. Stephen Wilson.

In this case the jury did not find their verdict pursuant to the preponderance of testimony. *Held,* that the judgment of the court be reversed.

In error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

The facts are contained in the opinion of the court.

*Phelan,* for plaintiff in error.

*R. Davis,* for defendant in error.

Mr. Justice Smith delivered the opinion of the court.

This writ of error is prosecuted for the purpose of reversing a judgment rendered in the circuit court of Monroe county. The suit below was brought for the recovery of money alleged to be due under an agreement for the use and occupation of land.

On the trial in the circuit court, the jury found for the plaintiff. A motion was made to set aside their verdict, and for a new trial, which was overruled. The decision of the court on this motion constitutes the only subject of exception.

The evidence adduced by the plaintiff, unexplained or uncontradicted, was, we think, sufficient to warrant the jury in finding as they did; they had a right to infer from his testimony that the defendant occupied and cultivated the land, under a contract to pay the value of the rent assessed by them.

Young *v.* Wilson.

But the evidence of the defendant explains the transaction, and shows what was the specific agreement or understanding of the parties. It proves distinctly, that the defendant was to occupy and cultivate the land; to take care of the place; to repair and put it in a condition fit for cultivation; and that he was to pay nothing for the use and cultivation of the land. His evidence was not in conflict with that of the plaintiff; it confirms it, but goes further, and explains it. It shows conclusively that the inference which might have been drawn from the fact of occupation and cultivation, established by the evidence of the plaintiff, was not the proper one. Not by rebuttal or contradiction; in which case the jury would have been required to weigh the evidence, and to decide according to its preponderance; but by the establishment of other facts, not inconsistent with those made out by the testimony of the plaintiff. Hence the jury, in finding for the plaintiff, did not base their verdict on the preponderance of evidence, but against it; or rather upon no evidence whatever, as the testimony showed that, although the defendant did occupy and cultivate the land of the plaintiff, yet such occupation and use were, nevertheless, pursuant to the terms of an agreement between them, by which the former was not to pay any rent.

Judgment reversed, cause remanded, and new trial awarded.