## CHICAGO, ST. LOUIS & NEW ORLEANS RAILROAD CO. v. S. E. PACKWOOD.

1. **RAILROADS.** *Claim for animal killed. Assignability. Suit by assignee.*
   A person to whom the owner of a horse killed by a locomotive has assigned in writing his claim for damages, can maintain the suit in his own name against the railroad company.

2. **SAME.** *Action for damages. Circumstantial evidence. Marks on truck.*
   Marks of the animal on the track and the position of its remains, may, without an eye-witness of the killing, make the " satisfactory proof," which, under Code 1880, § 1059, is *prima facie* evidence of negligence, and puts on the railroad company the burden of showing skill and care.

3. **SAME.** *Proof of skill and care. Verdict against evidence. New trial.*
   If the railroad company then introduces the engineer and fireman, who testify to reasonable skill and the exercise of due care, and that the accident was unavoidable, a verdict for the plaintiff will be set aside, unless there is something in the record to discredit their testimony.

APPEAL from the Circuit Court of Pike County.

Hon. J. B. CHRISMAN, Judge.

The appellee, to whom the owner of a horse which was killed by a locomotive assigned his claim for damages, brought this action against the appellant, and proved, at the trial, that tracks of the horse, as if running, were seen for two hundred yards along the road-bed, and pieces of its body were

scattered about a bridge of trestles, which began at the point where the horse's tracks ceased to be visible. The appellant introduced the engineer and fireman, both skilful and experienced railroad men, who testified that, at night, when dark and foggy, they were cautiously running a heavy freight train at eight miles an hour, when they saw what looked like a horse, a few yards in front, near the trestle-work, and immediately whistled an alarm, reversed the engine, and blew down brakes, but that, although the new steel rail track and all the appliances of the train were in perfect order, and everything was done promptly by a complete and efficient corps of brakemen and train hands, a stop was not effected until they had gone three hundred yards, and had killed the horse. Upon this evidence the verdict was for the plaintiff.

*W. P. & J. B. Harris,* for the appellant.

On a foggy night the engineer's range of vision from behind the headlight of a locomotive is limited. The horse could not have been seen until the train was within a few yards of it, and a heavy freight train cannot be instantly stopped. The track and train were in perfect order, and the utmost care was exercised by prudent and skilful employees. Negligence is disproved, and the plaintiff's *prima facie* case being confessed and avoided, in the absence of all facts calculated to discredit the defendant's witnesses, the verdict is manifestly wrong, and should be set aside.

*H. Q. Bridges,* on the same side.

The right to sue the railroad company for killing the horse is not assignable. *Davis* v. *Herndon,* 39 Miss. 484; *Goodwyn* v. *Lloyd,* 8 Porter, 237; *McGoon* v. *Ankeny,* 11 Ill. 558; *Commonwealth* v. *Fuqua,* 3 Litt. 41; *Gardner* v. *Adams,* 12 Wend. 297. The statute (Code 1880, § 1507; Code 1857, p. 485, art. 42), does not alter the rule, as it only passes the legal title in cases where the equity was assignable before, so that the assignee can sue in his own name. But a right of this character was never assignable in equity, for it results from a trespass and not from contract. *Mississippi Central Railroad Co.* v. *Fort,* 44 Miss. 423; 1 Thompson on Negligence, 510, § 13.

*S. E. Packwood, pro se.*

1. Under Code 1880, § 1507, the assignee of any chose in

action may sue in his own name, if the assignment is in writing. Damages due for tort is a chose in action. 2 Kent Com. 351. The case of *Davis* v. *Herndon*, 39 Miss. 484, was not decided under the statute, but upon the doctrine of champerty, which does not exist in this State. *Cassedy* v. *Jackson*, 45 Miss. 397. An owner of live-stock killed by a train· may empower any one to bring the suit. *Hovey* v. *Sebring*, 24 Mich. 232 ; *Golder* v. *Foss*, 43 Maine, 364. The value of the horse alone is claimed. By Code 1880, § 1536, the distinction between actions *ex delicto* and *ex contractu* is abolished. *Evans* v. *Miller*, 58 Miss. 120.

2. As the defendant's witnesses swear one way, and the facts and circumstances and the legal presumption, under Code 1880, § 1059, are to the contrary, the verdict will not be disturbed. *Watson* v. *Dickens*, 12 S. & M. 608. The preponderance of evidence is not clearly against it. *Harris* v. *Halliday*, 4 How. 338. It is not manifestly wrong. *McAlexander* v. *Puryear*, 48 Miss. 420 ; *O'Leary* v. *Burns*, 53 Miss. 171. Credibility of the witnesses is a matter for the jury to decide, and the courts cannot interfere with their decision. *Stovall* v. *Farmers' Bank*, 8 S. & M. 305. Every presumption should be indulged in order to uphold the verdict. *Peck* v. *Thompson*, 23 Miss. 367. The testimony of the fireman and the engineer is improbable, conflicting and contradicted by the admitted facts.

CHALMERS, C. J., delivered the opinion of the court.

The plaintiff brings suit against the railroad company upon a demand for damages for killing a horse, which demand has ·been assigned to him, since the killing, by the then owner of the animal killed. The ancient doctrine was that a demand arising out of a tort was not assignable, but the modern cases restrict the principle to torts against the person, or to such as did not survive to the personal representative after death, such, for instance, as slander, assault and battery, seduction, and the like. Torts to property, on the other hand, whereby the estate of a party is destroyed or diminished, are now held assignable either by the act of the party, or by general assignments by operation of law, and the doctrine is recognized both

in England and America. The claim being assignable, and the transfer having been made in writing, the assignee had the right to bring the suit in his own name. Code of 1880, § 1507; *Butler* v. *Railroad Co.*, 22 Barb. 110; *Jordan* v. *Gillen*, 44 N. H. 424; *Whitaker* v. *Gavit*, 18 Conn. 522; Pomeroy on Remedies, § 148 *et seq.*

Section 1059 of the Code of 1880 provides that where satisfactory proof has been made of injury to person or property by the running of the locomotives of a railroad company, it .shall be *prima facie* evidence of negligence on the part of a railroad company. This, of course, throws on the company when sued, and when such evidence has been adduced, the burden of rebutting this presumption and of establishing by evidence that there has been no negligence on the part of its employees. In the present case the defendant by its engineer and firemen showed the actual facts attending the killing, which it was admitted had been done by the defendant's locomotive, and rebutted, as we think, the presumption of negligence, by affirmatively showing the exercise of all necessary care and caution on its part. The accident, according to the testimony of these witnesses, was unavoidable. The jury, notwithstanding, found a verdict for the plaintiff. There was nothing improbable in the story told by the witnesses for the defendant, nor was there anything at all inconsistent with it in any fact proved in the case on either side. There is nothing in the record to suggest that the witnesses were unworthy of credit, or that the jury in fact disbelieved them. The plaintiff sufficiently established the killing of the animal by the locomotive of the defendant corporation. Though no witness was brought forward who saw the killing, the position of the carcass when found and all the surroundings plainly indicated that the horse had been killed by the train of the company. Having made this proof, the plaintiff rested, without making any proof whatever other than that relating· to the finding of the body and the marks of the animal upon the track of the railroad.

It seems to be, so far as we can see, a case where each side has met the burden imposed by law upon it, and in which there is no conflict in the testimony of the witnesses. Where

this is so, the verdict should be for the defendant, and a contrary one will be set aside by the court. The exact question is met and decided in *Young* v. *Wilson*, 24 Miss. 694, in which a verdict for the plaintiff was set aside under similar circumstances. The court say that it is not a question of credibility of witnesses nor of conflict of testimony, but one in which the plaintiff having made out his case is met by proof on the other side, not in denial of his, but which, admitting the absolute truth of everything proved by him, goes further and nullifies its effect by proof of other facts which demonstrate that he has no right to recover. The plaintiff closes when he has made out his case. The defendant responds, not by denials or conflicting evidence, but by proving something additional which negatives his right to recover. This is equivalent to a confession and avoidance in pleading. If not met by further proof, and if there is nothing to suggest its falsity or the unworthiness of the witnesses, it must compel a verdict for the defendant.                                   *Reversed and remanded.*