## J. B. Ross *v.* Natchez, Jackson and Columbus Railroad Company.

Railroad Company. *Action against for damages. Killing of mule. Evidence. Instruction. Case in judgment.*

In an action against a railroad company for damages for the killing of a mule, after the plaintiff had made out a *primâ facie* case under the statute, the engineer who was running the locomotive that killed the animal testified, for the defendant, that the mule was killed at night when it was very dark and foggy; that he first saw it on the track about forty feet in front of the engine; that the locomotive struck the mule in less than two seconds; that he did not sound the alarm or reverse the engine because he did not have time to do so; that he could not check the train in time to avert the accident; that he was on a down grade, and at the rate of speed he was running he could not have stopped in less than three hundred yards; and that there was a trestle just ahead and if the brakes had been put on and the engine reversed it would have increased the danger to the train. F., testifying for the defendant, stated that the engineer could have sounded the alarm in two seconds, during which time the train would have moved sixty feet. C. gave testimony for the plaintiff in rebuttal, tending to show that the mule ran down the railroad about forty yards before being struck. And other witnesses gave testimony tending to contradict the engineer as to there being a fog as stated by him. The court instructed the jury to find a verdict for the defendant. *Held*, that in view of the testimony of F. and that of the witnesses for the plaintiff in rebuttal, it should have been left to the jury to say whether the defendant had exercised the necessary caution to avoid the killing of the mule. This case is distinguished from *Chicago Railroad Company* v. *Packwood*, 59 Miss. 280.

Appeal from the Circuit Court of Hinds County.

Hon. T. J. Wharton, Judge.

J. B. Ross sued the Natchez, Jackson and Columbus Railroad Company for one hundred and fifty dollars, as damages for the alleged killing of a mule. At the trial the plaintiff proved his ownership of the mule, and the killing by a locomotive being run by an employee of the defendant, and then rested his case.

Thereupon the defendant introduced as a witness McKinney, who testified as follows: " I am an engineer in the employ of defendant and had charge of the engine on the night Ross's mule was killed. The killing occurred about eight o'clock at night. The night was dark and there was a heavy fog along the railroad in low places. The point where the mule was struck was low and wet and there was a heavy fog there. When I first saw the mule it was coming upon the railroad bed from the right, where there was a thick undergrowth of willow. The mule was about forty feet ahead when first discovered, and I struck him and threw him off the track to the left. I was pulling two passenger coaches, the mail and baggage car, and the tender, and was running twenty miles an hour. I struck the animal almost instantly and could not have checked the train in time to avert the accident. I have been an engineer twenty years. Under the circumstances it was the duty of the engineer to put steam on and strike the animal with all the force possible, so as to clear him off the track. In this case I did not have time to do so because the mule was so close when discovered that I struck him in less than two seconds. I did not sound brakes nor stock alarm, did not reverse the engine, and could not have done so in time. I knew there was a short trestle in front of me. If I had put on brakes and reversed the engine the danger would have been increased rather than diminished. There was a slight down grade, and at the rate of speed I was making I could not have stopped the train under three hundred yards. There was a heavy fog all along the line of the railroad that night in low places. My head-light was the best in use by railroad companies and in good condition."

E. D. Frost, superintendent of defendant's road, was introduced by the defendant as an expert, and testified as follows: " I have heard the testimony of the engineer, and under the circumstances detailed by him I am of opinion that the accident was unavoidable. A train running twenty miles an hour moves over thirty feet of space in one second of time; so that the mule, in this case, would have been struck in one and one-third seconds, it being only forty feet from the engine when discovered. In that time the

engineer could do nothing to avert the accident.    It would take at least two seconds of time before he could sound the alarm, and in that time he would have struck the mule.    The head-light is of very little service to prevent accidents, the engineer only being able, of clear nights, to see about one hundred yards ahead, and on a foggy night he could not discern an object more than fifty or sixty feet."

The plaintiff introduced several witnesses in rebuttal.    J. B. Collins, an agent of the defendant, testified as follows : " I heard that a mule had been killed, and went to the place and found the mule, dead.    I walked some distance down the road, and found where the mule had come up the side of the road-bed on the track. There was a ditch which had been cut in getting dirt to throw up the embankment, and a thick undergrowth of willows grew near the ditch.    The tracks showed that the mule came out of this undergrowth, jumped the ditch, and ran down the road-bed about forty yards before being struck.    The grade of the road at this point is nearly level.    I cannot tell when the tracks were made, or whether they were made by the mule that was killed or not."

W. J. Ferguson testified in substance that he saw where the mule was killed, and that tracks there indicated that the mule hopped along before the cow-catcher about twenty feet after being struck, and before being thrown from the road.    Two or three witnesses gave testimony for the plaintiff, tending to show that on the night the mule was killed there was no fog in the vicinity of the accident.

The court instructed the jury to find a verdict for the defendant, which was accordingly done, and the plaintiff appealed.

*J. K. McNeely*, for the appellant.

The court's instruction to the jury to find a verdict for defendants was positive and peremptory, and in direct violation of the Bill of Rights, Constitution, Art. 1st, §§ 2 and 12.

In effect it took the case from the jury, who alone are competent to try issues of fact, and by it the court assumed the duties both of judge and jury.    It is a charge upon the weight of evidence, and

violates § 1714, Code 1880.   But was there an issue of fact presented ?

The plaintiff proves by witness, Collins, " that the mule ran down the track forty yards along the road-bed before being struck;" and by witness Ferguson that it " hopped along ahead of the cowcatcher some distance before being thrown off." The testimony of these witnesses, though they did not see the killing, contradicts the testimony of the engineer.   He says he was running at the rate of twenty miles an. hour; if this had been true, it would have been a physical impossibility for the mule to have " hopped on his fore feet ahead of the engine." This latter is a significant fact to show that the speed of the train was much less than that testified to by the engineer.   In that case the momentum and consequent violence of the blow would have been sufficient to clear the animal from the track immediately.   The speed, therefore, reasoning from the facts in evidence, could not have been greater than one-third, or less, of twenty miles per hour.   This would have given ample time to have sounded the alarm and have frightened the mule from the track.   Colonel E. D. Frost, a witness for the defense, in his testimony bears me out in this position.   Again, the testimony of witnesses Phillips and Criddle entirely dissipate the " heavy fog " so conveniently raised by the engineer.

*J. K. McNeely* also made an oral argument.

*C. S. North,* for the appellee.

The facts of this case make it strictly analogous to the Packwood case.   There is no question of credibility of witnesses or conflict of testimony.   Ross made out his *primâ facie* case—nothing more.   The presumption of negligence was rebutted by the railroad company beyond any doubt or question.   There is nothing in the testimony of plaintiff that is inconsistent with, or contradicts, the rebutting testimony introduced by defendants.   The testimony of McKinney, the engineer, and of Colonel Frost, the general superintendent, shows affirmatively that there was no negligence, and that the accident was unavoidable.

Colonel Frost testifies that the mule was struck in one and one-third seconds from the time it was discovered.   It takes the engin-

eer at least two seconds to sound the alarm, and within that time the mule was struck. It was night, and the head-light does not enable the engineer to see animals in time to check the train or to stop it before striking them if they remain on the track. The mule came up from the side of the track, and the engine was on it before it was possible for anything to be done by the engineer.

Impossible things are not contemplated in law.

The defendants responded to plaintiff's testimony by proving something additional which negatived plaintiff's right to recover. This was not met by further proof on the part of plaintiff. *Chicago R. R. Co.* v. *Packwood*, 59 Miss. 283, 284.

*Nugent & Mc Willie,* on the same side.

CAMPBELL, C. J., delivered the opinion of the court.

In view of the testimony of the witness, Collins, tending to show that the mule " ran down the road-bed about forty yards before being struck," it should have been left to the jury to say whether the servant of the defendant had exercised the necessary caution under the circumstances. According to the testimony of the expert, Frost, the " alarm " could have been sounded in two seconds, during which the train would have moved sixty feet or more, and it may be, if the alarm had been sounded and the brakes applied and the engine reversed, that the mule, which ran one hundred and twenty feet on the road before it was struck, would have escaped.

There was also evidence directed to the effort to contradict the engineer as to there being a " fog," which obstructed vision when the mule was struck. In *Chicago Railroad Co.* v. *Packwood*, 59 Miss. 280, the case made by the plaintiff, by showing the injury to the property by the locomotive of the defendant, was met and overthrown by the uncontradicted and unquestioned evidence produced by the defendant, that the injury was unavoidable after " the exercise of all necessary care and caution on its part," and as there was no " further proof " the defendant was held entitled to a verdict. If this case had closed with the evidence for the defendant it would have been just like the case cited, but the testimony pro-

duced inconsistent with the case made by the evidence of the defendant distinguishes this case from the former. It was erroneous to instruct the jury to find for the defendant.

*Judgment reversed and cause remanded for a new trial.*