## L. & N. R. Co. *v.* James Thomas.

**Memory of Witness — Inspection of Reports by Opposing Counsel.**

It is not error for the court to permit the inspection of a report made by a witness, from which to refresh his memory in giving testimony, by opposing counsel, nor error to permit the cross-examination of the witness in regard thereto.[1]

**Negligence — Prima Facie Evidence — Rebuttal by Use of Skill and Care.**

Under section 1059, Code 1880, the *prima facie* evidence of negligence, which puts on the Railroad Company the burden of showing skill and care, "satisfactory proof" is made without an eyewitness if marks of the animal on the track and the position of its remains are shown — then if the Railroad Company introduces the engineer and fireman, who testify to reasonable skill and the exercise of due care, and that the accident was unavoidable, a verdict for the plaintiff will be set aside unless there is something in the record to discredit their testimony.[2]

James Thomas sued the L. & N. R. R. in Harrison county for the killing of two heifers of the value of $100, and obtained

---

[1]

The right of a party to cross-examine a witness, who has been introduced and examined by his antagonist, is founded on the clearest principles of reason and justice, and is rarely, if ever, denied. There is nothing in the nature of an investigation in relation to the propriety of a change of venue in a criminal case, which abridges or limits the right of cross-examination, and in such proceedings it should be allowed. Mask's Case, 32 Miss. 405.

When a witness is introduced on the stand, it is for the purpose of telling the whole truth of the matter relevant to the issue; and his whole testimony, whether given in response to interrogatories propounded by the party introducing him, or the other, is the testimony of the former. And hence the right of cross-examination, being allowed for the purpose of eliciting the whole truth from the witness, is not restricted to what the witness has testified to in his direct examination, but extends to every matter relevant to the issue. Mask's Case, 32 Miss. 405.

When a witness speaks in deposition of a fact, as within his recollection, but states he only remembers the date of it by reference to a letter written by him, which is in his possession, but does not attach the letter or a copy of it to his deposition, his answer will, nevertheless, be competent. Henderson *v.* Ilsley, 11 S. & M. 9.

A memorandum made by a witness at or near the time of a transaction for the purpose of preserving evidence thereof is admissible, though the witness cannot recall the particulars. But a memorandum made more than two years after the transaction, and after suit is brought, is inadmissible. Railroad Co. *v.* Echols, 54 Miss. 264.

judgment in the justice court for that sum. On appeal and trial of the cause before the Circuit Court, the first resulted in a mistrial, and afterward a verdict was rendered for the amount of judgment obtained before the justice of the peace. Evidence by both plaintiff and defendant showed that the stock was killed by the passenger train of defendant; conflicting testimony as to the value of the stock was given ranging from $39 to $75. On direct examination of witness Minto, engineer for the defendant, his report was handed him from which to refresh his memory. Counsel for plaintiffs demanded an inspection of same, which was permitted, to which defendants objected, and witness was cross-examined as to contents of same, which was also objected to by defendants.

Evidence of the engineer and fireman showed that the heifers were first seen on the side of the track, about seventy yards from the train; the train was running about thirty miles an hour; that the train was supplied with all the appliances usual for the man-

Although a witness is very old, and his memory is much impaired, if he is enabled by means of a contemporaneous written account of the occurrence about which he testifies — made and preserved by himself — to give an intelligent account of it, he should be allowed to testify, although he admits that he knows nothing of the occurrence except as his memory is refreshed by the memorandum. And such testimony is admissible, although the memorandum is not introduced, if the witness holds it and refers to it when interrogated, and testifies that he knows that he correctly noted the facts thereon. Cooper v. State, 59 Miss. 267.

Where a witness has never had any personal knowledge of a transaction he cannot testify from a memorandum made by another. Alabama & V. Ry. Co. v. Coleman, 78 Miss. 182, 28 So. 828.

In an action to recover for injuries occasioned by being struck by a train on a bridge the conductor in charge of the train may refresh his recollection from a report he made on the day of the injury, and state what time the train passed the bridge. Hasie v. A. & V. Ry. Co., 78 Miss. 413, 28 So. 941.

2

Railway companies are bound to the exercise of the utmost care in the transportation of passengers; but, with respect to cattle depasturing on their track, they are bound only to the exercise of reasonable care and prudence, such as a man of ordinary prudence engaged in the same business would exercise, to prevent injury to cattle. Miss. Cent. R. Co. v. Miller, 40 Miss. 45.

The burden of proof in such cases is on the plaintiff to show negligence. Miss. Cent. R. Co. v. Miller, 40 Miss. 45; N. O. J. & G. N. R. Co. v. Enochs, 42 Miss. 603; Memp. & Char. R. Co. v. Blakeney, 43 Miss. 218; Raiford v. Miss. Cent. R. Co., 43 Miss. 233; Memp. & Char. R. Co. v. Orr, 43 Miss. 279.

In an action for stock killed by a running train, proof of the injury and

agement and stoppage of trains; that the stock came upon the track after they were seen by the crew; that the engineer did all that he could to stop the train and did slacken the speed; that it was impossible to stop the train in that distance, and the killing of the stock was inevitable.

The fifth assignment of error referred in the opinion as being not distinguished from that of Packwood v. C. R. Co. is as follows:

" Instructions."—" In order to relieve the defendant from liability, it is not enough for the defendant to show by the evidence that its employees in charge of its train did only some of the acts or things that were prudent and necessary to avoid the killing of the heifers, but it is necessary for defendant to show by the evidence that its employees did *all* that was reasonably necessary and prudent to prevent and avoid the killing of the heifers," and " The court instructs the jury that they are the sole judges of the weight of evidence and the credibility of witnesses, and that they may consider the manner with which a witness testifies, any bias

the value of the animals makes out a *prima facie* case of negligence under section 1059, Code 1880, section 1808, Code 1892, and it is then incumbent on the company to relieve itself of liability by showing circumstances of excuse. Railroad Co. v. Doggett, 67 Miss. 250, 7 So. 278.

To escape liability the company must show the circumstances of the injury and that it is exculpated. It cannot rely upon mere presumption or conjecture. Railroad Co. v. Hamilton, 62 Miss. 503; Railway Co. v. Smith, 67 Miss. 15, 7 So. 212.

The burden of showing due care is not met by proof of care in one respect only, as that a whistle was sounded at the time of the injury. Railroad Co. v. Dale, 61 Miss. 206.

In the absence of eyewitnesses, marks of an animal on the track and the position of its remains may make satisfactory proof that it was killed by the running of the train, which, under the statute, is *prima facie* evidence of negligence on the part of the company. Railroad Co. v. Packwood, 59 Miss. 280.

If the plaintiff relies solely on the statutory presumption of negligence in the running of the cars, and the defendant shows by undisputed evidence that its servants did everything possible to prevent the killing, it is proper to instruct for defendant. Bedford v. Railroad Co., 65 Miss. 385, 4 So. 121; Railway Co. v. Smith, 67 Miss. 15, 7 So. 212.

An engineer is not required to check the speed or stop the train when an animal is seen near the track, unless there is something to indicate the danger or the necessity of the animal going upon the track. Railroad Co. v. Brumfield, 64 Miss. 637, 1 So. 905.

Where the engineer testifies that a colt, for killing which plaintiff sues, came upon the track less than fifty feet before his engine and was not seen

or interest a witness may have in the result of a suit, and also the probability or improbability of the evidence as compared with all the other evidence and circumstances of the case."

From a verdict and judgment for plaintiffs, this appeal is prosecuted.

APPEALED from Circuit Court, Harrison county, S. H. TERRAL, Judge.

Reversed and remanded, April 13, 1885.

*Attorneys for appellant, Gaylord B. Clark, LeVert Clark, J. J. Curtis.*

*Attorneys for appellee, Posey & Bowers.*

Brief of Clark, Clark, and Curtis:

* * * The first error assigned is that the court erred in requiring the witness Minto to surrender to the attorney for the

---

by him until struck, although he was at his post and on the lookout, and there is nothing to contradict his statement, a verdict should be directed for the defendant. Railroad Co. v. Smith, 68 Miss. 359, 8 So. 508.

Where it is shown that cows were dispersed from the track by the whistle of an approaching train, and that plaintiff's cow, separated by the track from the others, was obstructed by a parallel fence eighteen feet from the track, and after running along it for some distance, she attempted to cross the track and was struck by the train, it is for the jury, as a question of common knowledge, to determine whether the engineer, in failing to check, was guilty of negligence in not foreseeing that the natural instincts of the animal would necessarily impel it across the track to join the others. Railroad Co. v. Holt, 62 Miss. 170.

In such a case, although plaintiff's evidence negatives the presumption of negligence under section 1059, Code 1880, if the defendant shows facts from which negligence may be inferred, a verdict for plaintiff will not be disturbed. (Railroad Co. v. Packwood, 59 Miss. 280, distinguished.) Railroad Co. v. Holt, 62 Miss. 170.

Where plaintiff relies solely on the statutory presumption of negligence, and the defendant introduces its engineer and fireman who testify to reasonable skill and due care, and that the accident was unavoidable, and their testimony is neither improbable nor discredited, a verdict for plaintiff cannot be sustained. Railroad Co. v. Packwood, 59 Miss. 280.

So, in an action for killing a mule, the engineer, the only witness for defendant, testified that, when first disclosed by the headlight, the mule was standing across the track, about fifty yards ahead of his rapidly moving train, and it was then impossible to avoid the accident, and the evidence for plaintiff is merely that the tracks of the mule showed it had run forty yards down

appellee the written report that he had made, in order that the said attorneys might use it as a basis for cross-examination. This paper was not offered nor attempted to be offered by the appellant as evidence; nor was the witness being interrogated by appellant's counsel concerning its contents. The witness merely examined the paper and report made by himself, for the purpose of refreshing his memory as to the particular time at which the train arrived at Scott Station. We do not think that the rule of law in such cases warranted the court in directing the surrender of the paper to counsel on the other side for purposes of cross-examination. * * *

The charge referred to in the third assignment of error is misleading and abstract, and requires that the jury should find for the plaintiff, if its employees did not do *all* that was necessary to prevent and avoid the killing of the stock. The fact that the engineer did all that the time and opportunity afforded him is by this charge held not to be a sufficient defense.

---

the track before being struck, there is no real conflict in the evidence, and, that of the engineer being probable, the court should have instructed for the defendant. Railway Co. *v.* Tate, 70 Miss. 348, 12 So. 333.

If the uncontradicted testimony of the engineer is that he was at his post; that the animal was killed at night by a lengthy freight train, running twenty-three miles an hour; that the animal came upon the track about ten yards ahead of the engine; that the alarm was promptly sounded, and that the train could not be stopped before the collision, a peremptory instruction for defendant is proper. Railway Co. *v.* Smith, 67 Miss. 15, 7 So. 212.

Where the fireman on a locomotive running at night had opened the fire box to throw in coal, so that the light from the box "killed the light" in front of the engine, and prevented the engineer from seeing plaintiff's horses until too late to avoid injuring them, no negligence is shown authorizing recovery. Cantrell *v.* K. C. M. & B. R. Co., 24 So. 871.

A train need not be stopped nor its speed checked because animals are discovered near the track, unless there is a reasonable indication that they will go on the track. Y. & M. V. R. Co. *v.* Whittington, 74 Miss. 410, 21 So. 249.

It is a question for the jury whether there was negligence on the part of an engineer who increased the speed of his train as horses between track and a fence running parallel therewith, but finally crossing it at a cattle guard, ran ahead of the train, and crossed the track in safety, except one which was struck as it was crossing. McMillin *v.* Southern Ry. Co., 75 Miss. 490, 23 So. 182.

An engineer is not chargeable with negligence in running over and killing animals for failing to stop his train or sound the whistle when he discovers the animals at the side of the track. Y. & M. V. R. Co. *v.* Wright, 78 Miss. 125, 28 So. 806.

The charge is also misleading and confusing because there was no evidence as to what was reasonably necessary and prudent to be done to prevent the killing.

The charge mentioned in the fifth assignment of error is abstract and misleading because it authorized the jury to disregard the testimony of defendant's witnesses, if they should believe that the said witnesses had " any bias or interest *in the result of the suit,*" when there was no evidence of a bias or any interest in the result of the suit, and because the jury were invited to pass upon the improbability of the truth of their evidence by a comparison of their evidence with other evidence in the case, when there is no other evidence which tended to suggest any improbability of the truth of the testimony of said witnesses. Railroad Co. *v.* Statham, 42 Miss. 507, 630; Railroad Co. *v.* Packwood, 59 Miss. 284.    *   *   *

The court should have set aside the verdict on the evidence of the engineer and the fireman, who were unimpeached and uncon-

---

The engineer of an engine which struck and killed two horses on a railroad testified that he saw only one, which stepped on the track *immediately* in front of the engine; but there was evidence of tracks on the roadbed, tending to show that the horses had stood on the track for some time, and that they could have been seen some distance away. *Held,* that it was error to give a verdict for defendant. Baird *v.* Ga. Pac. R. Co., 19 So. 661.

There being uncontradicted testimony of the engineer that he could not have stopped the train in the distance from the point where the animal could first have been seen and the point where it was killed, a judgment for plaintiff was unwarranted. M. & O. R. Co. *v.* Weems, 74 Miss. 513, 21 So. 306.

In an action against a railway company for killing a mule the engineer testified that it was running from west to east across the track while the engine was going south, so as to bring its left side toward the engine, and that it was not more than fifteen feet from the *engine* when it came on the track. He also stated that he did what he could to prevent the accident, but admitted that, " if he had attempted to stop his train at one hundred or one hundred and fifty yards, when he reached the one hundred and fifty yards point, he would have been running very slow." There was also testimony that there were mule tracks for nearly two hundred yards down the roadbed to where the mule lay; that there was a large hole in its right hip; and, that from the way the mule's tracks dug up the gravel in the roadbed, it was evidently " running very fast." *Held,* that it was for the jury to say whether the mule could have escaped if the engineer had exercised due caution in trying to stop the train. Scott *v.* Y. & M. V. R. Co., 72 Miss. 37, 16 So. 205.

Plaintiff proved the killing of his mule by defendant's railway train. Defendant introduced evidence to show that the accident was unavoidable. This evidence was contradicted by a witness for plaintiff, who testified that

tradicted by any evidence of a material nature and whose testimony comported with all of the probabilities of the case.

Both of these witnesses showed that the train was supplied with all of the appliances which are usual for the management and stoppage of trains; that the stock was not seen until seventy yards from the engine; that it then came upon the track; that everything was done which could have been done to slacken the speed of the train, it being impossible to stop; that the speed was actually slackened, and that the stock was killed; that the killing was inevitable unless the stock had itself gotten off the track before the collision; that the engineer did all that he could have done, and left undone nothing which, had it been done, would have saved the stock from injury. As we have said, these witnesses are unimpeached. * * *

Brief of Posey & Bowers:

* * * The only remaining question is, whether the defendant below introduced evidence in disproof of the negligence

the mule was fastened in the trestle, and could have been seen by those in charge of the train in time to stop. *Held*, that the refusal of the trial court to grant a peremptory charge in favor of defendant was not reversible error. Southern Ry. Co. *v*. Hays, 78 Miss. 319, 28 So. 939.

In an action against a railroad company for killing stock it appeared that plaintiff found his stock dead and mangled on the defendant's right of way near a stock gap. Neither the plaintiff nor any of his witnesses saw the killing. The track was straight for a half or quarter of a mile where the stock was found, and there were tracks that indicated they had run down the railroad track along the ends of the ties for forty or fifty yards. The defendant's engineer testified that the train was a local passenger train of five coaches, well equipped in every way; that the coaches and engine were of standard pattern, and fully as good as the average passenger trains run in this country; that the brakes were of the latest improved make, and in perfect condition; that the train was running forty or forty-five an hour down grade; that he saw the stock eight hundred or one thousand feet away, and that they were on the edge of the right of way, fifty feet from the track, with their heads turned from the track; that there was no indication of their running on the track until the engine got within three hundred feet of them, when they became frightened, turned and started on a run for the track; that before they turned they were grazing; that as soon as they started for the track he immediately put on the brakes, and did all he could to stop the train, but could not do so in time to prevent striking them; that with a train of that character, running at that rate of speed, it could not be stopped in less than one thousand three hundred or one thousand four hundred feet; and that he could not have prevented the killing of the stock. *Held*, sufficient to require a peremptory charge for defendant. A. & V. R. Co. *v*. Boyles, 37 So. 498.

presumed by law, which was uncontradicted by any other facts, and was so reasonably probable, and obviously true and credible, as to satisfy this court that the jury capriciously and wantonly disregarded evidence which they probably believed to be true. This is the principle declared in the case of Packwood *v.* Railroad Co., 59 Miss. 280. The evidence for the Railroad Co. in that case was overwhelming. It was uncontradicted, and there was no conflict of evidence and no question of the credibility of witnesses. One of the main facts in the case — that the animal was killed on a dark and foggy night — was easily disproved if untrue, for many witnesses might have been easily found who could testify to the fact, if untrue. No case like the Packwood case has been before this court, or will probably be again. Numerous other cases in which the verdicts have been contrary to the evidence of the engineer and fireman have been upheld, and distinguished from the Packwood case by the important difference that there was conflict in the evidence, either from direct or circumstantial evidence, or because the evidence of these employees was improbable, or otherwise doubtful. Notably in the case of Toulme *v.* N. O. R. Co., 59 Miss. 284. In that case the only positive evidence, by eyewitnesses, was by the engineer and fireman. Both swore that the horse was not struck by the locomotive or cars at all; that the horse ran ahead of these and escaped, but had caught his foot in a water gap and broke his leg and tore off his hoof. It was in broad daylight; they had abundant opportunities to see what occurred; they said their attention was specially directed to the horse and the occurrence. Their testimony was positive, and, if believed, was conclusive. They had the usual advantage in testifying, of being the only eyewitnesses of the transaction, but the jury disbelieved them and this court approved the verdict. Some circumstantial evidence alone discredited their testimony. It was, that the horse had been struck by the locomotive and dragged along the track. This was shown by evidence of the marks on the ground where the horse was dragged, and the blood stains of the horse along the track. Upon this slight evidence, the positive evidence of the witnesses for the railroad was discredited.

In the case at bar, there is conflict in the evidence, and there is much reason for discrediting the testimony of the engineer. Besides this, the evidence of these witnesses, if believed, does not clearly establish the defense — disprove negligence. &ast; &ast; &ast;

OPINION.—ARNOLD, J., delivered the opinion of the court:

The verdict is not supported by the evidence in this respect; the case is not distinguished from that of the Chicago R. Co. v. Packwood, 59 Miss. 280. It was not error for the court to permit counsel for appellee to inspect the written report placed in the hands of the appellant's witness, Minto, and used by him to refresh his memory, nor was there any error in permitting appellee's counsel to cross-examine the witness on this report. 1 Greenleaf on Evidence, § 437; 1 Wharton on Evidence, § 525.

It is not necessary to consider other errors assigned, and the judgment is

*Reversed* and the case remanded.