## Mobile & Ohio R. R. Co. *v.* W. R. Gunn.

Railroads. *Killing stock. Negligence. Question of fact.*

Although in an action against a railroad company for the value of a mule killed by its running train, the engineer testified that the train, composed of twenty-two loaded cars, was running twenty miles an hour, and that it was impossible to stop it or avoid the killing, and that every precaution was taken, yet, if there is evidence that he saw the mule come on the track 75 or 100 yards in front of his train, and that it ran 300 yards before being overtaken, it was properly left to the jury to say whether the engineer did all he might or should have done to stop or slacken speed, and a verdict for plaintiff will not be disturbed.

From the circuit court of the second district of Chickasaw county. Hon. Lock E. Houston, Judge.

Appellee, Gunn, brought this action against the appellant company to recover the value of a mule killed by its running train. The testimony for the plaintiff tended to show that the mule ran a distance of 300 yards upon the track before being overtaken and killed. The engineer testified that the train, which was a fast freight, was composed of twenty-two loaded cars, and was running at the rate of twenty or twenty-two miles an hour; that he saw the animal come upon the track 75 or 100 yards in front of the locomotive; and that he at once sounded the stock alarm, whistled for the brakes to be applied and reversed his engine; that he did all in his power to avoid striking the animal, and that it was impossible to prevent it. He admitted that the mule, after coming upon the track, ran a considerable distance before being struck, and that at the place where the animal was overtaken there was a slight up-grade. He also testified that the killing of the mule occurred about daylight and while the view was obstructed by a fog; but this fact is not deemed important, since the opinion proceeds upon the admitted fact that the engineer saw the mule come upon the track 75 or 100 yards in front of his engine.

The question of negligence was submitted to the jury, which found a verdict for the plaintiff, and from the judgment entered thereon the company has appealed.

*Safford Burney, Buchanan & Stovall,* and *W. D. Anderson,* for appellant.

The verdict should have been for the defendant, and the court should have so instructed. *Howard* v. *R. R. Co.,* 67 Miss. 247 ; *R. R. Co.* v. *Doggett,* Ib. 250 ; *Kent* v. *R. R. Co.,* Ib. 608 ; *R. R. Co.* v. *Smith,* Ib. 15 ; *Ross* v. *R. R. Co.,* 62 Ib. 27.

*T. J. Buchanan, Jr.,* for appellant, made an oral argument.

*Miller & Baskin,* for appellee.

It cannot be said that appellant exonerated itself from all blame or negligence, and the burden was on it to do so. The question of negligence was properly left to the jury. *R. R. Co.* v. *Doggett,* 67 Miss. 254 ; *Howard* v. *R. R. Co.,* Ib. 247 ; *Kent* v. *R. R. Co.,* Ib. 609.

Campbell, J., delivered the opinion of the court.

In *Y. & M. V. R. R. Co.* v. *Smith, ante,* p. 359, there was nothing to suggest a doubt of the accuracy of the testimony of the engineer that the animal came on to the track just in front of the train in rapid motion, and was unavoidably killed, and we held that the verdict should have been for the defendant, following *Railroad Co.* v. *Packwood,* 59 Miss. 280, and like cases. In this case, while the engineer testified that the killing was unavoidable, and without fault on the part of the train men, there are facts, admitted by him, and testified to by others, which make the correctness of his opinion fairly disputable. No importance is attached to the discrepancy between witnesses as to the time of day when the killing occurred, or the presence or absence of fog, for the engineer saw the mule come on the track seventy-five or one hundred yards in front of his train. The mule ran some three hundred yards on the track before being overtaken, and as the speed of the train was twenty or twenty-two miles an hour, and the mule may be supposed to have run half as fast, there was ground for the jury to conclude that whatever he thought and testified about it, the engineer did not in fact do all that might and should have been done to

stop the train or slacken its speed, or else the mule would have escaped.

It cannot be said that the verdict is manifestly wrong, and the judgment is

*Affirmed.*